STATE OF FLORIDA, *ex rel.* JOSEPH JAMES CLARK v. MARY CATHERINE CLARK

4 So. (2nd) 517
Division A
Opinion Filed November 14, 1941

*W. D. Jones, Jr.,* for Plaintiff in Error;

*Crawford & May,* for Defendant in Error.

ADAMS, .J.—This case is here on writ of error to review a final judgment in habeas corpus adverse to plaintiff in error for want of jurisdiction.

The action was brought by a father to gain custody of his minor children from their mother. The parties were divorced from each other in the State of California. Neither are residents of Florida. The mother procured the children from the father in Florida upon assurance that she would return them after a short visit. She carried them to the State of Georgia. The mother was served personally in Florida. At the time of service and at all times subsequent, the children were in the State of Georgia.

This Court has held that infants are wards of the court having jurisdiction of their person, Dorman v. Friendly, 1 So. (2nd) 734. We held:

"A court must not only have jurisdiction of the parties but it must have jurisdiction of the subject matter also. The subject matter involved in the question of custody of minor children is the children themselves, and if the court has not jurisdiction of the children it has not jurisdiction of the subject matter to determine the right of custody as between the parties to the suit over which it may have jurisdiction."

Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A. (N.S.) 690, 123 Am. St. Rep. 809; *Ex parte* Chandler, 97 P. (2nd) 1048; Titcomb v. Superior Court In and For Santa Clara County, *et al.,* 220 Cal. 34, 29 P. (2nd) 206; State *ex rel.* Rasco v. Rasco, 139 Fla. 349, 190 So. 510.

454

When the case of Dorman v. Friendly was decided, we were not unmindful of a contrary view. Breene v. People, *ex rel.* Breene, 51 Colo. 342, 117 Pac. 1000; Shaw v. Shaw, 114 S. C. 300, 103 S. E. 526; Crowell v. Crowell, 190 Ga. 501, 9 S.E. (2nd) 628.

Counsel for appellant insists that this case differs from Dorman v. Friendly and Lanning v. Gregory *supra* in that, here the wrongful detention occurred in Florida. We are much impressed with the justice of such argument. The alleged conduct of respondent impels us to afford plaintiff relief, however, before we can give consideration to the merits of any controversy, jurisdiction must be obtained. With jurisdiction our action is vested with power but without it the judgment is of no effect. The merits of the controversy will not aid the court in acquiring jurisdiction. Here, as in the Dorman case, the children themselves are the subject matter of the action.

Finding no error in the record and judgment the same is affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, J. J., concur.