**DANIEL T. GILMAN, also known as DANIEL TRIMBLE GILMAN, II., v. VES H. MORGAN and BESSIE H. MORGAN, his wife**

29 So. (2nd) 372                                    January Term, 1947
February 28, 1947                                   Division B
Rehearing denied March 24, 1947.

*Fishback, Smith & Williams* and *R. J. Pleus,* for appellant.
*Edward K. Goethe* for appellees.

ADAMS, J.:

Petition for habeas corpus was filed in Orange County by Ves. H. Morgan and his wife to gain the custody of their two grandsons, ages eleven and fifteen years. Petitioners-appellees are the maternal grandparents of the children and seek to wrest custody of the boys from their father, Daniel T. Gilman.

The lower court granted the writ and awarded custody to appellees because of a judgment entered in the District Court of Iowa on March 11, 1946.

Appellees were residing in Iowa and had had custody of the children since infancy. The mother of the children died and with the father's consent the children were left with their grandparents although no adoption or court order, fixing custody in appellees, was ever entered. The children were allowed to visit their father, who resides in Florida, and during the visit they elected to remain with him. The father was called to Iowa to attend the funeral of his father and while there process, involving custody of the children, was served upon him in a case brought by the appellees. The case proceeded to judgment against the father but during the

suit, at all times, the children remained in Florida. While the Iowa case was pending the father's residence was in Florida and during that time the children resided with him. When process was served upon him a temporary order, requiring that he deliver the children to the appellees, was entered and as a penalty for failure to obey the order he was precluded from introducing any evidence. Thereafter his attorneys withdrew his appearance in the case and made no effort to contest the issue. Although appellee's attorneys announced that they would waive the penalty feature of the order, no testimony was introduced except that offered by appellees.

It becomes necessary for us to determine whether the Iowa judgment is entitled to full faith and credit under Article IV, Section 1, Constitution of the United States. If the Iowa court did not have jurisdiction of the subject matter its judgment is not entitled to full faith and credit and, as to that question, we have the power to ascertain. William et al v. North Carolina, 325 U.S. 226, 65 Sup. Ct. 1092, 89 L. Ed. 1577, 157 A.L.R. 1366; Esenwein v. Pennsylvania, ex rel Esenwein, 325 U.S. 279, 65 Sup. Ct., 1118, 89 L. Ed. 1608, 157 A.L.R. 1396 and 31 Am. Jur. page 162, Sec. 553 et seq.

In this class of cases jurisdiction connotes something more than process upon those who have custody of the minors. The minors are the res and without their presence within the jurisdiction of the court its judgment cannot be enforced and is a nullity. See Digirogio v. Digirogio, 153 Fla. 24, 13 So. 2d. 596; State ex rel Clark v. Clark, 148 Fla. 452, 4 So. 2d. 517; Bourn v. Hinsey et ux., 134 Fla. 404, 183 So. 614 and other authorities cited therein.

The question of the best interest of the children was not litigated in a truly adversary manner in the Iowa case. The Iowa court could not establish its jurisdiction by decreeing a penalty for disobedience of its order; neither could appellees supply the deficiency by a waiver of the penalty. Jurisdiction must be conferred by law.

It is our conclusion that the lower court erred by giving the Iowa decree the effect of precluding the parties from giving evidence prior to its date relative to the issue. The judg-

ment is reversed with directions to proceed further, not inconsistent with this opinion.

Reversed.

THOMAS, C.J., BUFORD and BARNS, JJ., concur.