97 So.2d 16 (1957)
Joyce L. DAHLKE, Appellant,
v.
Theodore R. DAHLKE et al., Appellee.
Supreme Court of Florida.
September 18, 1957.
Billie B. Bush, Tampa, for appellant.
No appearance for appellee.
BARNS, Justice.
In the final decree of divorce the Court awarded the custody of the three children of the parties to the mother, but thereafter in 1955 at a hearing with both parties before the court he awarded absolute custody to the paternal grandparents of Ohio with leave to the grandparents to take them to Ohio. Since then the grandparents seem to have surrendered the children to the father, of Ohio. Both parents have remarried.
In August 1956 the mother petitioned the court for an order restoring to her the custody of the children and a copy of a rule nisi was served on the husband and grandparents domiciled in Ohio. Neither the husband nor grandparents appeared in response to the rule nisi and the petition was dismissed for want of jurisdiction, and thereupon petitioner-mother appealed. We find no error and affirm.
The children, the father and the grandparents are domiciled in Ohio, and the trial court has not retained jurisdiction in any way. The extraterritorial service on the citizens of Ohio of the rule nisi by registered mail, or otherwise, did not have the effect of the court obtaining personal jurisdiction of the non-appearing respondent-defendants-appellees. The proceedings are in personam and not quasi-in rem *17 and the lower court was impotent to render a decree binding on the appellees. Pennoyer v. Neff, 1878, 95 U.S. 714, 24 L.Ed. 565. Furthermore, the Full Faith and Credit Clause of the Constitution of the United States, Art. IV, § 1, would not make a decree favorable to the appellant-petitioner binding on the appellees or the courts of Ohio in event of proceedings brought to enforce it there. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221.
Affirmed.
TERRELL, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.
THORNAL, Justice (concurring).
I concur in the opinion and judgment prepared by Mr. Justice BARNS. However, supplementing the opinion certain observations are appropriate.
I would not bottom the conclusion entirely on the historic decision in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. This is so for the reason that that decision involved the problem of obtaining original service of process to initiate an action in personam.
A custody or maintenance proceeding supplementary to a divorce action in which the court has already obtained jurisdiction of the parties and the subject matter is distinguishable from the institution of a new cause of action. A petition for modification of the provisions of a divorce decree relating to custody or maintenance is not a new action but merely a continuation of the original proceeding. Watson v. Watson, Fla. 1956, 88 So.2d 133.
It further appears to me that it is immaterial in divorce matters whether the Chancellor expressly retains jurisdiction over custody or maintenance aspects of the decree. We have held that so long as the minor child is within the jurisdiction of an equity court, that court enjoys continuing jurisdiction for the purpose of considering a change in custody or maintenance even though such jurisdiction was not expressly retained by the provisions of the final decree. Cone v. Cone, Fla. 1953, 62 So.2d 907.
The controlling aspect of the instant case is the fact that neither the child nor the person to whom custody had been awarded is within the jurisdiction of the Florida court. If the Florida court had had jurisdiction of either, then it would have had the power to act. Absent jurisdiction of either of these individuals the power to adjudicate the matter of custody was lacking. James v. James, Fla. 1953, 64 So.2d 534; New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133.
In sum, it is my view that the instant case is controlled by the opinion of this court in Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734.
TERRELL, C.J., and DREW and O'CONNELL, JJ., concur.