HORTON, Judge.
This was á habeas corpus proceedings instituted by the appellant for custody of the minor child of the parties.
 The principal point presented by this appeal is whether or not the trial judge’s failure to accord full faith and credit to an Alabama child custody decree was error. The minor child and appellee father were domiciled in .Florida at all times during the custody proceedings in Alabama. A proceeding for the determination of the custody of a minor child is in the nature of an action in rem. Therefore, the presence of the minor child is a necessary requirement to the exercise of jurisdiction of the court. It affirmatively appears from the record that the Alabama court was without jurisdiction to determine the custody of the minor child in question. See State ex rel. Rasco v. Rasco, 139 Fla. 349, 190 So. 510; Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734; Digiorgio v. Digiorgio, 153 Fla. 24, 13 So.2d 596; Dahlke *226 v. Dahlke, Fla.1957, 97 So.2d 16. Therefore, it was not error for the trial judge to refuse full faith and credit to the Alabama decree under the circumstances disclosed by this record.
 The welfare of minor children is the concern of the state in which the child may reside or he domiciled. The lower court awarded the child to the father and since no testimony of the proceedings has been included in the record on appeal, the appellant has failed to show reversible error. In re Nelson, Fla.1957, 94 So.2d 845.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.