114 So.2d 493 (1959)
D. Kathleen Bohn RHOADES, Appellant,
v.
David E. BOHN, Appellee.
No. B-32.
District Court of Appeal of Florida. First District.
September 8, 1959.
Rehearing Denied October 6, 1959.
*494 Geffs, Geffs, Block & Geffs, Janesville, Wis., and J. Donald Bruce, Jacksonville, for appellant.
Rogers, Towers, Bailey & Jones, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
Appellant, plaintiff in the trial court, seeks review of a final judgment discharging a writ of habeas corpus and dismissing her petition by which she sought the custody and control of her minor child.
The parties to this cause are the natural parents of Patricia Kay Bohn, who was born on August 12, 1947. They were married and resided together in the State of Wisconsin as husband and wife until 1951 when plaintiff instituted a suit for divorce against defendant. During the course of that proceeding the parties stipulated and the court decreed that plaintiff mother be awarded custody of the child subject to visitation privileges granted defendant father. The final decree of divorce incorporating the foregoing custody provision was entered on November 8, 1951, but contained no express provision reserving jurisdiction to modify or change the award of custody. We pause to observe that whether jurisdiction was expressly reserved is immaterial insofar as concerns the court's jurisdiction to enter an amendatory custody order in a proper supplementary proceeding.[1]
Defendant remarried on April 24, 1953, and thereafter continued to reside in Wisconsin. On September 16, 1953, plaintiff and defendant entered into a new stipulation by which it was agreed that the future custody of the child be awarded defendant. This stipulation was recognized by the Wisconsin Court which entered an amendatory decree awarding custody of the child to defendant until further order of the court, with visitation privileges granted plaintiff and her parents. The order contained no restrictions prohibiting removal of the child from the State of Wisconsin.
*495 On October 6, 1954, defendant's business required that he move his domicile to Jacksonville Beach, Florida, where he established a home to which he brought his wife and child. Plaintiff immediately learned that defendant and the child had moved their residence to Jacksonville Beach, but took no steps to enforce any custodial or visitation rights she may have had to the child until three and one-half years later.
On November 29, 1957, plaintiff petitioned the Wisconsin Court for an order awarding her custody of the child who was then over ten years of age. Defendant was served with notice of this proceeding by mail in accordance with the statutes of Wisconsin. At that time both defendant and the child had continuously resided in Florida for more than three and one-half years and neither of whom was then physically present within the territorial jurisdiction of the Wisconsin Court. Defendant employed an attorney who appeared specially in the proceeding for the sole purpose of challenging the Wisconsin Court's jurisdiction over the person of defendant and the subject matter of the cause. Upon denial of his objection to the court's jurisdiction, defendant's attorney withdrew and declined to participate further in the cause.
Evidence offered by plaintiff consisted almost entirely of proof tending to establish that she was a fit and proper person to have the custody of her child. No proof was adduced touching the general welfare, condition of health or home environment of the child nor of the opportunities being then provided by defendant for her social, educational, religious and cultural development. Upon the evidence thus submitted, the Wisconsin Court entered an amended decree awarding custody of the child to plaintiff.
Armed with the Wisconsin decree, plaintiff came to Florida and instituted the present action in the Circuit Court of Duval County by which she prayed that the mentioned decree be accorded full faith and credit and by writ of habeas corpus the defendant be required to deliver physical possession and custody of the child to her. By his order of dismissal the trial judge held that the Wisconsin decree was not entitled to enforcement in Florida under the full faith and credit doctrine for the two fold reason that (1) since the child had not been physically present within the jurisdiction of the Wisconsin Court for three years prior or at any time subsequent to the institution of the latest custody proceeding, that court did not have jurisdiction over the subject matter of the cause, and (2) the best interest of the child was not litigated in a truly adversary manner nor was any competent evidence before the court relating to the welfare of the child.
We shall first consider the question of whether the last amended decree entered by the Wisconsin Court awarding custody of the child to plaintiff mother is void for the reason that the child and its father in whose custody the child had been legally placed were not physically present within the territorial jurisdiction of the Wisconsin Court at the time of the commencement of the proceeding or any time thereafter. The landmark case in Florida on this question is that of Dorman v. Friendly.[2] In that case the Circuit Court of Duval County initially passed upon the question concerning custody of the children there involved. In the original decree custody of the children was awarded to the mother who subsequently moved her residence and domicile to Virginia. The father, who was a party to that cause, later petitioned the Circuit Court of Duval County for an order modifying the final decree and awarding him custody of the children. The mother challenged the court's jurisdiction to amend the custody decree on the ground that neither she nor the children were then domiciled in or residents of Florida, and *496 the court was therefore without jurisdiction to enter any order touching the custody of the children. From an adverse decree the wife appealed. In reversing the trial court the Supreme Court observed that neither the children nor their mother were within the territorial jurisdiction of the Florida court at any time during the proceeding to modify the custody decree. It held that a court must not only have a jurisdiction of the parties but it must have jurisdiction of the subject matter also. The subject matter involved in the question of custody of minor children is the children themselves, and if the court has not jurisdiction of the children, it has not jurisdiction of the subject matter to determine the right of custody as between the parties to the suit over which it may have jurisdiction.
With the single exception hereafter noted, the rule in Dorman has been consistently adhered to by the Courts of Florida, the last expression of the rule being stated in the Galen case decided only last year.[3]
Through a process of judicial development the rule first enunciated in Dorman has been extended to apply both to original proceedings initially fixing custody of minors,[4] as well as to supplementary proceedings seeking to modify a prior custody order.[5]
From the foregoing principles heretofore established as the law of this state it would follow that the custody proceeding instituted by plaintiff in the Wisconsin Court for a decree amending the prior custody order was commenced at a time when both the defendant and the child were residing and legally domiciled in the State of Florida. The Wisconsin Court acquired jurisdiction over the defendant who, according to the record, received actual notice of the pendency of that proceeding. Such notice was held to be sufficient under the law of Wisconsin, just as it is sufficient under the law of Florida.[6] However, under the rule in Dorman the Wisconsin Court did not acquire jurisdiction over the subject matter of the cause, the child. In this class of cases it has been held that jurisdiction connotes something more than process upon those who have custody of the minor. The minor is the res, and the principle has been stated that without its presence within the territorial jurisdiction of the court, its judgment cannot be enforced and is a nullity.[7]
The only recognized exception to the foregoing rule is in those instances where the party having custody of the minor voluntarily submits to the court's jurisdiction and litigates in an adversary manner the merits of the issue on which a decree of custody depends. Under these circumstances Florida will recognize and enforce a custody decree of a foreign state although the minor was neither domiciled nor physically present in the foreign state at any time during the course of the proceeding.[8]
Appellant contends that the rule in Dorman has no application to the facts in this case and should not control the decision. She urges that since the question of the Wisconsin Court's jurisdiction to enter the amended custody order was raised in that proceeding and ruled upon by the court in favor of its jurisdiction, the ruling is res judicata and cannot again be raised or litigated by defendant in the Florida habeas corpus proceeding. In support of this position appellant cites the Haas decision in *497 which it is held that while a Florida court is not required to recognize the judgment of another state where the judgment was rendered by a court without jurisdiction, or where it has been obtained by extrinsic fraud, this rule is subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional question or the matter of fraud, that determination becomes res judicata on those points and is itself protected by the full faith and credit clause of the Constitution of the United States. The jurisdictional and fraud questions cannot be relitigated a second time in another state.[9]
At first blush it would appear that the Haas decision favors the position taken by appellant, but careful analysis leads us to a contrary view. We interpret the Haas decision to mean that only when the issue of the foreign court's jurisdiction turns on a disputed question of fact, and upon hearing the issue is resolved in favor of the court's jurisdiction, such determination becomes res judicata and cannot be litigated a second time in another state. The question of the Wisconsin Court's jurisdiction in this case did not turn on a disputed issue of fact, for it was admitted there and is admitted here that at no time during the pendency of that proceeding was the child in question physically present within the territorial jurisdiction of that court. The Wisconsin Court's decision in favor of its jurisdiction turned solely on an issue of law. That ruling did not therefore become res judicata, and defendant was at liberty to raise the question again in the Florida court in this proceeding.[10]
The perplexing problem with which we now find ourselves confronted is whether the rule established in Dorman should be adhered to, or should be modified to more nearly conform with a proper administration of justice under present circumstances which the court judicially knows to exist. Since Dorman, Florida has become a rapidly growing state whose population is constantly increasing and whose economy is expanding at a phenomenal pace. Many new citizens are daily attracted into this state, and although many of them remain as permanent residents, many likewise return to their former homes or elsewhere after a relatively short period of residency here. Since Dorman, the establishment of numerous military installations within Florida has brought many families into the State, some of whom remain permanently and others only until assigned to stations elsewhere. Many citizens who work in seasonal agricultural pursuits, or who render services connected with the tourist industry, reside in the State during only a part of the year, and move on to locations in other parts of the country during the off seasons of the year. Due to these and other factors a substantial segment of our population may be characterized as highly mobile, fluid and transitory in nature, having no firm roots in Florida. Rapid means of transportation so highly developed in recent years has made it possible for one to move from the territorial confines of this state to far distant points within a matter of hours. All of this lends encouragement to one seeking to avoid the impact of a custody decree to depart the state on a moment's notice, taking with him the subject matter of the cause sought to be adjudicated by our courts. Once a child has been either rightfully or wrongfully removed beyond the territorial limits of Florida, our courts are powerless under the rule in Dorman to enter any order touching the child's custody as its best interest may require. Such authority must be abdicated to the jurisdiction of a state to whom the child and its custodian are ofttimes strangers. Thus far the rule in Dorman has been modified to the extent of permitting the Florida court to act in a custody matter *498 when the child is beyond its territorial jurisdiction only if the custodian of the child is willing to appear in the cause and litigate the merits of the custody issue.[11] This places the jurisdiction of the Florida courts at the complete mercy of the child's custodian, and whether the Florida court has power to act must depend upon the whim, caprice or other motive of the one having the child's temporary custody. It occurs to us that such a rule is not compatible with the obligation owed by our judicial system to properly control the custody of its minor citizens, for it permits the power of the court to be rendered impotent by the custodian through the mere expedient of removing the child beyond the borders of our state before the processes of the court can be put in motion and jurisdiction acquired.
We therefore hold that once a court acquires jurisdiction of a minor as an ancillary phase of a divorce proceeding and enters an order or decree touching its custody, that court has continuing jurisdiction, upon proper supplementary proceedings, to amend such order or decree by changing the custody of the minor as may comport with its best interest and welfare. Such jurisdiction will not depend upon the contingency of whether the minor is physically present within the court's territorial jurisdiction, provided its custodian is properly served with notice of the proceedings in accordance with law and is afforded an opportunity to appear and be heard on the custody issue. Jurisdiction of the custodian's person will constitute constructive presence of the minor before the court and both will be bound by any valid order or decree touching the child's custody. It is the future status of the contesting parties as respects custody of the minor which is sought to be adjudicated in this type proceeding. The physical presence of the minor within the territorial jurisdiction of the court is not a necessary prerequisite to such an adjudication. The geographical location of the minor may become important in connection with enforcement of the custody decree, but this contingency has no bearing upon the court's jurisdiction to adjudicate the issue and enter a valid and binding decree thereon.
This holding conforms to the rationale of the special concurring opinion by Mr. Justice Thornal in the Dahlke case, supra, in which a majority of the Supreme Court concurred. In Dahlke, a final decree of divorce entered by a Florida court awarded custody of three minor children to their mother. Thereafter this decree was modified and custody of the children awarded their maternal grandparents with leave to take them to Ohio. The mother subsequently filed a petition in the divorce suit praying that custody of the children be restored to her. At that time, the grandparents and the children were living in Ohio. A rule nisi issued and was served on the grandparents, but they did not appear in the cause. It is affirmatively shown that the custodian grandparents were not parties to the original action nor to the supplementary proceedings in which custody was awarded to them, and the trial court never acquired jurisdiction over them at any stage of those proceedings. Obviously, the service on them of a rule nisi by registered mail was not legally sufficient to give the court jurisdiction of them in the latest supplementary custody proceedings.
The trial court dismissed the petition for lack of jurisdiction and the wife appealed. In the opinion of Mr. Justice Thornal it was held that "The controlling aspect of the instant case is the fact that neither the child nor the person to whom custody had been awarded is within the jurisdiction of the Florida court. If the Florida court had had jurisdiction of either, then it would have had the power to act. Absent jurisdiction of either of these individuals the power to adjudicate the matter of custody was lacking." [97 So.2d 17.] The *499 clear holding of the opinion is that had the trial court acquired jurisdiction over the custodian grandparents in the supplementary proceedings by proper service of process or notice, then it could have proceeded to adjudicate the custody issue even though the children were not then physically present within the territorial jurisdiction of the court. Although this holding conflicts with the rule in Dorman as last expressed by the Third District Court of Appeal in State ex rel. Galen v. Kuhl, we think it represents the sounder view of the law on the question presented for determination and should be followed.
We therefore hold that the Wisconsin Court had jurisdiction of both the person of defendant and the subject matter of the cause, and the latest custody decree is valid and binding on defendant in the State of Wisconsin.
We turn next to the question of whether the Wisconsin custody decree is entitled to unquestioned enforcement in Florida under the full faith and credit clause of the Federal Constitution.[12] The fact that the decree here considered changed for the third time the custody of the minor shows conclusively that the decree is temporary or interlocutory in character. It is so considered under the law of Wisconsin.[13] It possesses none of the attributes of finality so essential to entitle it to recognition and enforcement under the full faith and credit doctrine.[14] It is uniformly recognized that orders, judgments or decrees affecting custody of minors, are subject to modification at any time as the welfare of the ward may require. For this reason, it is settled in this jurisdiction that decrees affecting the custody of minors are not entitled to recognition under the full faith and credit clause of the United States[15], and the trial judge was correct in so holding.
Although not required to lend aid of the court to enforcement of the Wisconsin decree under the full faith and credit doctrine, the trial judge is authorized in his discretion to consider granting the relief sought under the rule of comity. In this event, due process would require that defendant be afforded the opportunity of presenting evidence on the custody issue. Upon consideration of the record as a whole the trial judge will then be authorized to enter a proper custody order, taking into account the minor's best interest, as well as the parental rights of the parties.[16]
On the state of the record before him the trial judge cannot be held in error for dismissing the the petition and quashing the writ. From the foregoing it affirmatively appears, however, that the reasons assigned by him as a basis for his action were erroneous. This cause is accordingly remanded with directions that the order of dismissal and quashal be reconsidered in light of the views herein expressed, and for such further proceedings as to the trial court may be deemed proper.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Dahlke v. Dahlke, Fla. 1957, 97 So.2d 16; Cone v. Cone, Fla. 1953, 62 So.2d 907.
[2] Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734.
[3] State ex rel. Galen v. Kuhl, Fla.App. 1958, 103 So.2d 225.
[4] Giachetti v. Giachetti, 157 Fla. 259, 25 So.2d 658; Digirogio v. Digirogio, 153 Fla. 24, 13 So.2d 596; State ex rel. Clark v. Clark, 148 Fla. 452, 4 So.2d 517.
[5] State ex rel. Galen v. Kuhl, supra note 3; Dahlke v. Dahlke, supra note 1; Gilman v. Morgan, 158 Fla. 605, 29 So.2d 372.
[6] Marshal v. Bacon, Fla. 1957, 97 So.2d 252.
[7] State ex rel. Galen v. Kuhl, supra note 3; Gilman v. Morgan, supra note 5.
[8] Lambertson v. Williams, Fla. 1952, 61 So.2d 478.
[9] Hass v. Haas, Fla. 1952, 59 So.2d 640.
[10] Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577.
[11] Lambertson v. Williams, supra note 8.
[12] "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State * * *" Art. IV, Sec. 1, United States Constitution.
[13] Sec. 247.24, Wisconsin Statutes, 1957, W.S.A.
[14] Dwyer v. Dwyer, Fla. 1954, 72 So.2d 378.
[15] Carrier v. Vermeulen, Fla.App., 114 So.2d 192; Dahlke v. Dahlke, supra note 1; Little v. Franklin, Fla. 1949, 40 So.2d 768; People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133.
[16] Grant v. Corbitt, Fla. 1957, 95 So.2d 25; Eddy v. Staufer, 160 Fla. 944, 37 So.2d 417.