121 So.2d 777 (1960)
David E. BOHN, Petitioner,
v.
D. Kathleen RHOADES, Respondent.
Supreme Court of Florida.
June 17, 1960.
Rehearing Denied August 3, 1960.
J. Edwin Gay and Rogers, Towers, Bailey & Jones, Jacksonville, for petitioner.
Geffs, Geffs, Block & Geffs, Janesville, Wis., and J. Donald Bruce, Jacksonville, for respondent.
DREW, Justice.
The District Court of Appeal for the First District in this case[1] involving the custody of a minor child held:
"* * * that once a court acquires jurisdiction of a minor as an ancillary phase of a divorce proceeding and enters an order or decree touching its custody, that court has continuing *778 jurisdiction, upon proper supplementary proceedings, to amend such order or decree by changing the custody of the minor as may comport with its best interest and welfare. Such jurisdiction will not depend upon the contingency of whether the minor is physically present within the court's territorial jurisdiction, provided its custodian is properly served with notice of the proceedings in accordance with law and is afforded an opportunity to appear and be heard on the custody issue. Jurisdiction of the custodian's person will constitute constructive presence of the minor before the court and both will be bound by any valid order or decree touching the child's custody. It is the future status of the contesting parties as respects custody of the minor which is sought to be adjudicated in this type proceeding. The physical presence of the minor within the territorial jurisdiction of the court is not a necessary prerequisite to such an adjudication. The geographical location of the minor may become important in connection with enforcement of the custody decree, but this contingency has no bearing upon the court's jurisdiction to adjudicate the issue and enter a valid and binding decree thereon."
The court recognized that the foregoing pronouncement was in conflict with a previous decision of this Court and the District Court of Appeal, Third District, when later in the opinion it said:
"[a]lthough this holding conflicts with the rule in Dorman as last expressed by the Third District Court of Appeal in State ex rel. Galen v. Kuhl, we think it represents the sounder view of the law on the question presented for determination and should be followed."[2]
In the Dorman case,[3] decided in 1941, this Court held that in a suit involving the question of custody of minor children, it was essential for the child or children to be within the jurisdiction of the court in order for the court to render a valid or lawful order relating thereto. The Dorman case is cited in the specially concurring opinion of Mr. Justice Thornal in the Dahlke case[4] where it is stated that the ultimate holding is controlled by the opinion in the Dorman case. It is a logical deduction, however, that such opinion had the effect of modifying the Dorman case at least to the extent of holding that if the court had jurisdiction of either the child or the person to whom custody had been awarded, it would have had jurisdiction to enter an effective order. In the Galen case[5] from the Third District, decided in 1958, that court reaffirmed the holding in Dorman and held that the presence of the minor child in a custody proceeding was a necessary requirement to the exercise of the court's jurisdiction. It is to resolve these obvious conflicts in the case law of this State that we granted certiorari.
We have carefully examined the opinion prepared for the court by Judge Wigginton in this case. He has ably presented the reasons for the conclusion he reaches and the judgment he pronounces which we have quoted in the opening paragraphs of this opinion. No useful purpose would be served by a more detailed discussion of the quoted or other portions of the able opinion. Suffice it to say, we think it is in accord with sound logic and reason and establishes a rule not only consistent with the true administration of justice in the society in which we now live but is also supported by the decided weight of authority *779 in this Country as of this day. We approve it in all respects and hereby hold that all previous decisions of this or the District Courts in conflict with it are overruled and receded from.
The writ of certiorari heretofore issued is hereby discharged.
THOMAS, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Rhoades v. Bohn, Fla.App. 1959, 114 So.2d 493. The quoted language is from page 498 of the opinion.
[2] Id., 114 So.2d at page 499.
[3] Dorman v. Friendly, 1941, 146 Fla. 732, 1 So.2d 734.
[4] Dahlke v. Dahlke, Fla. 1957, 97 So.2d 16. It will be observed that this opinion, although labelled as a concurring opinion, was agreed to by three other Justices and therefore constitutes a binding precedent of this Court.
[5] State ex rel. Galen v. Kuhl, Fla.App. 1958, 103 So.2d 225.