### RHOADES v. BOHN (No. 2).
No. 26237.

Circuit Court, Duval County.

September 2, 1960.

J. Donald Bruce, Jacksonville, and Geffs, Geffs, Block & Geffs, Janesville, Wis., for petitioner.

J. Edwin Gay of Rogers, Towers, Bailey & Jones, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

It appearing to this court that its prior order denying application for writ of habeas corpus dated November 6, 1958, and recorded in minute book 127, at page 380, should be reconsidered in the light of the views expressed in the opinion of the District Court of Appeal, First District, in Rhoades v. Bohn, 114 So. 2d 493, as approved by the Supreme Court of Florida by its opinion filed June 17, 1960, discharging its writ of certiorari, Bohn v. Rhoades, 121 So. 2d 777; and it further appearing that, although this court is not required to aid in the enforcement of the Wisconsin custody decree *under the full faith and credit clause of the federal constitution*, this court is authorized, in its discretion, to consider granting the relief sought by plaintiff under the rules of comity; now therefore, upon reconsideration of said order in the light of the above-cited opinions and the record and proceedings herein, this court is of the opinion that the evidence before this court fails to disclose any fact or circumstance which warrants the exercise of its discretion in lending aid to the enforcement of the Wisconsin decree on the theory of comity.

Neither this order nor the prior order of this court can be said to foreclose a conscientious, thorough and enlightened investigation into the welfare of the minor child of the parties (who was 13 years of age on August 12, 1960) by an appropriate proceeding. But because there are no facts alleged or shown anywhere in the record which indicate that such is necessary or desirable, this court is not persuaded that it should now initiate such an inquiry. In fact, it would be unwise and detrimental to the welfare and best interest of such minor to open up such an inquiry

unless and until some petition or pleading has been filed alleging facts showing such necessity and defining the disputed issues to be settled. While this proceeding in habeas corpus, aimed at the enforcement of the Wisconsin decree, may be used under some circumstances to support a full-scale inquiry into the welfare of a minor child, there is nothing to commend its use here.

Accordingly, it is ordered and adjudged that the application for a writ of habeas corpus herein be, and the same is hereby, denied, and the writ of habeas corpus served upon defendant be, and the same is hereby, discharged, and Patricia K. Bohn is hereby remanded to the custody of her father David E. Bohn, defendant herein, who shall be entitled to recover his costs herein from the plaintiff and herein and hereby taxed in the amount of $............ [costs not taxed as of 10-28-60], for which let execution issue.