WIGGINTON, Acting Chief Judge.
Petitioner in habeas corpus has appealed a final judgment which dismissed his petition and remanded him to the custody of the Sheriff of Escambia County. It is contended that the trial court based its judgment upon a misconception of the meaning and *178 intent of the controlling decision rendered by this court in the case of Rhoades v. Bohn [1], and because of such misconception erred in dismissing the petition.
Petitioner separated from his wife, Beverly 'Carol Smith, on December 12, 1961, at a time when the parties were living as husband and wife in Escambia County, Florida. On the last mentioned date petitioner removed his residence to Dublin, Georgia, taking with him the minor child born of the marriage between the parties. Petitioner continued to reside in Georgia until the happening of the events hereinafter detailed.
On March 8, 1962, Beverly Carol Smith filed suit in the Court of Record of Escam-bia County, seeking a divorce from petitioner upon the ground of extreme cruelty, custody of the minor child and general relief. Jurisdiction of defendant was obtained by constructive service, but he declined to appear or participate in the case as a result of which a decree pro confesso was entered against him. On final hearing the Court of Record entered a final decree of divorce in favor of the plaintiff wife, and in addition purported to award custody of the minor child to his plaintiff mother.
Two weeks after entry of the final decree of divorce petitioner returned to Escambia County and upon learning that he was there, his former wife filed before the court a petition seeking a decree adjudicating custody of the minor child who was then residing in his father’s home at Dublin, Georgia. Ancillary to this petition the former wife also petitioned the court for issuance of a writ of ne exeat restraining the defendant from leaving the jurisdiction of the Court of Record of Escambia County until after an adjudication could be had as to custody of the child. The writ issued and was served on petitioner who was immediately placed in jail because of his inability to post $5,000 bail as required by the writ. On the following day a hearing was held before the court at which testimony concerning custody of the child was heard, but not reported. Upon consideration of such testimony the court entered an' order awarding custody of the child to the wife for a specified period of time, together with support money in a stated amount to be paid during such time as the child was in its mother’s custody. The decree further provided that petitioner be held pursuant to the writ of ne exeat until such time as he shall deliver the child to its mother in Escambia County pursuant to the requirements of the decree. The amount of the ne exeat bond was increased to $10,000. At no time either prior or subsequent to the filing of the wife’s petition for custody was the child in the State of Florida.
Being unable to post the bond required by the court petitioner filed his petition for writ of habeas corpus seeking release from custody on the ground he was being illegally restrained of his liberty. Petitioner contended before the trial court, and contends here, that the Court of Record of Escambia County was without jurisdiction to maintain a proceeding in which the sole issue involved the custody of a minor child who was not physically present within the territorial jurisdiction of that court. Petitioner contends that this being so, the writ of ne exeat on which he was arrested and confined to jail is a nullity and forms no lawful basis for his restraint.
Upon consideration of the undisputed facts above stated, the trial court filed an opinion which recites in pertinent part as follows:
“The issue of child custody and child support was not validly disposed of by the final decree of April 10, 1962, because the trial court did not have jurisdiction of the defendant or the minor child. Those issues remained for disposition upon the suit of the plaintiff whenever jurisdiction of the Court over the defendant might be accomplished by personal service of proc* *179 ess. When on April 25, 1962, the defendant came to Escambia County, Florida, he was then subject to the jurisdiction of the Court of Record of Escambia County, Florida, and that jurisdiction was initiated by the petition of the plaintiff seeking an order as to child custody and support. The trial court acted within the orbit of its authority in issuing the writ of ne exeat to preserve the presence of the defendant.
The absence of the child from the state of Florida is not material and has no bearing upon the authority of the Court to exercise its jurisdiction on the question of child custody and support. Jurisdiction over the person of the father and the mother is all that is required. See Rhoades v. Bohn [Fla.App.], 114 So.2d 493.”
Upon the foregoing finding and conclusion the trial court dismissed the petition for writ of habeas corpus and remanded petitioner to the custody of the Sheriff of Escambia County to be detained until he complies with the terms of the writ on which he was arrested. It is from that judgment that this appeal is taken.
The question presented for our decision is whether process served personally on a non-resident parent of a non-resident minor while the parent is transiently in the State of Florida confers jurisdiction on the Florida court to initially adjudicate the issue of the minor’s custody under circumstances which reveal that both prior and subsequent to the filing of the petition the minor was not physically present within the territorial jurisdiction of the court in which the petition for custody is filed.
It has long been the law of this state that courts have no jurisdiction to initially adjudicate the custody of a minor child unless such child is physically present within the territorial jurisdiction of the court at the time the suit seeking an adjudication of its custody is filed.[2] This rule prevails even though personal service of process is had upon the defendant who has custody of the child in a foreign jurisdiction.[3] We adhere to this rule of law despite the apparent contrary rule intimated by the dictum appearing in the Gessler case.[4]
In the opinion filed by the trial court in support of its judgment of dismissal it is recited that the conclusion reached is based upon the prior decision of this court rendered in the Rhoades case.[5] Rhoades did not involve a proceeding initially adjudicating custody of the child there involved. The original custody proceeding had been instituted in the State of Wisconsin, where both parties lived, appeared personally and litigated the issue. The Rhoades case cpn-cerned itself entirely with a supplemental proceeding brought for the purpose of modifying the custody order theretofore entered by the court. We endeavored to make clear the important distinction between the rule applicable to supplementary proceeding and the one applicable to proceedings initially adjudicating the custody of a minor child [6] by saying:
“We therefore hold that once a court acquires jurisdiction of a minor as an ancillary phase of a divorce proceeding and enters an order or decree touching its custody, that court has continuing jurisdiction, upon proper supplementary proceedings, to amend such order or decree by changing the custody of *180 the minor as may comport with its best interest and welfare. Such jurisdiction will not depend upon the contingency of whether the minor is physically present within the court’s territorial jurisdiction, provided its custodian is properly served with notice of the proceedings in accordance with law and is afforded an opportunity to appear and be heard on the custody issue.”
The rule of law pronounced in Rhoades applies only to supplemental proceedings brought for the purpose of modifying a prior order or decree relating to the custody of minors. The decision in no manner disturbs or modifies the basic requirement that in order for a court to acquire jurisdiction of a proceeding to initially adjudicate the custody of a minor, the child must be physically present within the territorial jurisdiction of that court at the time the proceeding is instituted. We are compelled to agree with appellant that the trial court misinterpreted the legal import of our decision in Rhoades and erroneously applied it to the clearly distinguishable facts and circumstances present in this case.
 From the authorities hereinabove cited we hold that the Court of Record of Escambia County was without jurisdiction to initially adjudicate the issue concerning custody of the minor child who at all times both prior and subsequent to the institution of that proceeding was domiciled and physically present in the State of Georgia outside the territorial jurisdiction of the Court of Record. Such lack of jurisdiction is not supplied by the fact that personal service of process in the custody proceeding was had upon petitioner when transiently found in the State of Florida. The Court of Record was accordingly without jurisdiction to issue the writ of ne exeat ordering that petitioner be detained until such time as he shall comply with the void decree awarding custody of the minor to the former wife. The judgment appealed which dismissed the petition for writ of habeas corpus and remanded petitioner to the custody of the Sheriff of Escambia County was erroneous and is accordingly reversed. The cause is remanded with directions that judgment be entered discharging petitioner from the Sheriff’s custody.
STURGIS and RAWLS, JJ., concur.

. (Fla.App.1959) 114 So.2d 493; cert. granted (Fla.1960) 121 So.2d 777.

. State ex rel. Galen v. Kuhl, (Fla.App.1958) 103 So.2d 225; Giachetti v. Giachetti, (1946) 157 Fla. 259, 25 So.2d 658; State ex rel. Clark v. Clark, (1941) 148 Fla. 452, 4 So.2d 517.

. Giachetti v. Giachetti, see footnote 2; State ex rel. Clark v. Clark, see footnote 2.

. Gessler v. Gessler, (Fla.1955) 78 So.2d 722.

. Rhoades v. Bohn, see footnote 1.

. See Dahlke v. Dahlke et al., (Fla.1957) 97 So.2d 16.