214 So.2d 777 (1968)
Marcia RICH, Appellant,
v.
John Oliver RICH et al., Appellees.
No. 1826.
District Court of Appeal of Florida. Fourth District.
October 14, 1968.
Rehearing Denied November 6, 1968.
*778 J. Russell Hornsby, of the Law Offices of J. Russell Hornsby, Orlando, for appellant.
L. Danner Hiers, of Felder & Bettinghaus, Winter Park, for appellee John Oliver Rich.
REED, Judge.
The plaintiff, Marcia Rich, appellant, filed a complaint in the Circuit Court for Orange County, Florida, against the defendants, John Oliver Rich and the First National Bank of Winter Park, on 4 August 1967. The complaint alleged that the plaintiff and defendant Rich were married and lived together until March 1967; that the defendant Rich was guilty of extreme cruelty; that the parties had three children, and that the plaintiff should have their custody. The complaint also alleged that the defendant Rich is living in Switzerland and will take the children to Switzerland when he has notice of the suit; that savings are in the name of the children in the defendant bank and will be taken by the defendant Rich unless he is restrained, and that said defendant is able to support the plaintiff and the children.
The complaint demanded separate maintenance and alimony; custody of the children with a temporary injunction restraining the defendant from removing the children from the jurisdiction; an order enjoining the defendant Rich from removing money from the savings account in the First National Bank at Winter Park, and other relief.
Service of process on defendant Rich was by constructive service under Chapter 48, F.S. 1965 (now Chapter 49, F.S. 1967).
On 23 August 1967 the court without notice to the defendants and without requiring a bond entered an order awarding the plaintiff temporary custody of the children and temporarily enjoining the defendant Rich from removing the children from the jurisdiction of the court. Defendant Rich made a motion to quash the service of process on the ground that it was insufficient for the relief sought.
On 20 September 1967 following a hearing, the trial court entered an order which: (1) vacated the temporary injunction of 23 August; (2) quashed the service of process on the defendant Rich; and (3) afforded the plaintiff an opportunity to file an amended complaint, the same to be served as though it were an original complaint. This is an interlocutory appeal from that order.
The trial judge vacated the temporary injunction because he was of the opinion that he had erred in granting it without bond. The trial court was correct (see F.R.C.P. 1.610, 31 F.S.A.) and had inherent *779 power to correct its errors. Family Loan Co. v. Smetal Corporation, 1936, 123 Fla. 900, 169 So. 48; Stuco Corp. v. Gates, Fla.App. 1962, 145 So.2d 527; and Strazzulla v. Hendrick, Fla. 1965, 177 So.2d 1. We, therefore, affirm the order vacating the temporary injunction.
Regarding that part of the appealed order quashing the service on the defendant Rich, we must consider the relief sought and the type of service required for such relief.
The primary item of relief sought was custody of the children. A suit involving an issue of custody is in the nature of an in rem action where the children are within the jurisdiction of the court. State ex rel. Galen v. Kuhl, Fla. App. 1958, 103 So.2d 225; Dorman v. Friendly, 1941, 146 Fla. 732, 1 So.2d 734; State ex rel. Clark v. Clark, 1941, 148 Fla. 452, 4 So.2d 517; Smith v. Davis, Fla. App. 1962, 147 So.2d 177. For this reason a court within whose territorial jurisdiction the children reside has jurisdiction to adjudicate an issue of custody even though a parent resides in another state. Grant v. Corbitt, Fla. 1957, 95 So.2d 25, 27, and Di Giorgio v. Di Giorgio, 1943, 153 Fla. 24, 13 So.2d 596. For purposes of trying a custody issue under those circumstances service of process under the constructive service statute on the nonresident parent should be sufficient to accord him due process of law. This is a rule of necessity. When the interest of minors are in need of protection the hand of the court within whose territorial jurisdiction they reside must not be stayed merely because a parent is unavailable for personal service of process. With respect to the present case, why then was the service of process by constructive service insufficient to sustain the relief sought as to the children, i.e., custody? The court answered this question in its order of 20 September 1967 wherein it said, "* * * there is no allegation of jurisdiction of the children for custody matters." The court was referring to the complaint. The complaint completely failed to allege that the children resided within the territorial jurisdiction of the court; therefore, no justiciable issue was raised with respect to the children and the court could have treated the prayer for custody as surplusage. On remand the plaintiff should be given an opportunity to file an amended complaint properly setting up the court's jurisdiction over the children and to perfect service of process in a manner consistent with the relief sought.
The other relief sought by the complaint requires in personam jurisdiction which is not obtained by constructive service of process.
For the foregoing reasons the order appealed is affirmed and the cause remanded.
WALDEN, C.J., and OWEN, J., concur.