WIGGINTON, Judge.
Petitioner in habeas corpus has appealed a final judgment denying the writ and dismissing his petition.
The parties hereto were married to each other and resided in the State of Illinois as husband and wife until 1968 and were the parents of a girl child, Bobby Lee Schmidt, who was born on February 13, 1966. At the time of their separation in 1968 appellant instituted an action for divorce against appellee which culminated in a final judgment severing the bonds of matrimony between the parties and awarding custody of the child to its mother with reasonable visitation privileges granted the father. The mother moved her place of residence from Illinois to Walton County, Florida, where she and her child lived with her parents. By having removed herself from Illinois, appellee effectively curtailed, if not prevented, appellant’s visitation privileges. Appellant subsequently filed in the Illinois court having jurisdiction of the parties and the child a motion to amend the custody decree by specifically defining the exact times during which appellant would have the right to visit and have his *244 child with him. An amendatory order was rendered by the court on March 29, 1971, awarding appellant custody of their child for the month of July of each year and for one weekend during each month of the year.
On May 6, 1971, appellant filed in the Circuit Court of Walton County a petition seeking to establish the final judgment of divorce and the amended custody order rendered by the Illinois court as a foreign judgment in the State of Florida. Pursuant to this petition, the court in Walton County rendered a final judgment on June 30, 1971, establishing the Illinois judgment, as amended, as a foreign judgment in this state. Appellant’s efforts to enforce the custody decree were thwarted by the action of appellee in leaving the State of Florida and taking their child with her. Being unable to secure compliance by appellee with the terms and provisions of the custody order established as a foreign judgment by the Circuit Court of Walton County, appellant returned to his home in Illinois and petitioned that court for an order modifying the custody provision of the final judgment of divorce, as amended, by awarding full custody of the child todtim. The Illinois court, after hearing testimony and evidence adduced by appellant, found that ap-pellee had acted in defiance of that court’s order granting appellant visitation rights with the child. Based upon that finding alone, the Illinois court rendered its order granting full custody of the child to appellant and directing that possession of the child be delivered over to him.
Armed with the Illinois judgment' granting him full custody of their minor child, appellant returned to Walton County and instituted this action by which he sought a writ of habeas corpus directed to appellee and requiring that she surrender possession of the child to him. The Circuit Court of Walton County, after hearing testimony adduced by the parties and their witnesses, entered a final judgment denying the writ of habeas corpus prayed for by appellant and purporting to award custody of the minor child to appellee-mother until further order of the court. It is that judgment for which review is sought by this appeal.
There can be no question but that the circuit court in Illinois had jurisdiction of the parties and the subject matter of their controversy and was fully authorized to render its amendatory judgment of October 4, 1971, granting full custody of the parties’ child to appellant-father. In the case of Rhoades v. Bohn[1] this court held:
“. . . [0]nce a court acquires jurisdiction of a minor as an ancillary phase of a divorce proceeding and enters an order or decree touching its custody, that court has continuing jurisdiction, upon proper supplementary proceedings, to amend such order or decree by changing the custody of the minor as may comport with its best interest and welfare. Such jurisdiction will not depend upon the contingency of whether the minor is physically present within the court’s territorial jurisdiction, provided its custodian is properly served with notice of the proceedings in accordance with law and is afforded an opportunity to appear and be heard on the custody issue. Jurisdiction of the custodian’s person will constitute constructive presence of the minor before the court and both will be bound by any valid order or decree touching the child’s custody. . . .”
Being an order touching the custody of a child, it was interlocutory rather than final in character and therefore not entitled to enforcement under the full faith and credit doctrine of the United States Constitution. This principle of law was announced by this court in the case of In re Vermeulen’s Petition[2] when we said:
*245 . . The full faith and credit clause of the United States Constitution is, however, applicable only to final as distinguished from temporary or interlocutory orders, judgments or decrees of foreign states. A decree awarding custody of a minor is universally subject to modification from time to time as the interest of the minor may require. It is established in this jurisdiction that judgments and decrees affecting the custody of minors, not being final, occupy a different status from those affecting divorces and property rights, and may be modified as circumstances warrant without doing violence to the full faith and credit requirements of the Federal Constitution.”
In the case of Vermeulen’s Petition we further held that although a foreign custody decree was not entitled to enforcement under the full faith and credit clause of the federal constitution, it is nevertheless entitled to great weight and respect under the doctrine of comity absent a showing by clear and convincing evidence that such new conditions have arisen since rendition of the decree as would justify a change in custody of the child or that old facts have come to light which, had they been known to the chancellor, would have impelled a different conclusion.
• [3] From the foregoing authorities it must be held that in this habeas corpus proceeding the amendatory order rendered by the Illinois court granting full custody of the minor child involved herein to appellant was entitled to great respect under the doctrine of comity. It still remained the obligation and duty of the Circuit Court of Walton County to examine the parties and their witnesses and make an independent determination as to whether conditions affecting the welfare of the child had changed to such an extent as to deny enforcement of the Illinois custody order and require that custody of the child be placed elsewhere than with appellant-father.
From the final judgment here reviewed it affirmatively appears that at the trial both parties, together with their witnesses, were present and offered testimony in support of their respective prayers for an order awarding them custody of their minor child. A review of the record on appeal, however, fails to disclose a transcript of the testimony and evidence which were adduced at the trial before the court and on which its judgment is based. The judgment reaches this court clothed with a presumption of correctness and in the absence of a record to the contrary, we must assume that the evidence adduced before the court was sufficiently competent and substantial to support the action taken. Appellant having failed to demonstrate error, the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Rhoades v. Bohn (Fla.App.1959), 114 So.2d 493, 498; cert. den. Bohn v. Rhoades (Fla.1960), 121 So.2d 777.

. In re Vermeulen’s Petition (Fla.App. 1959), 114 So.2d 192, 195, cert. den. (Fla.1959) Vermeulen v. Carrier, 116 So. 2d 775.