PERCIVAL A. WITT, HUBERT WITT, WINNIE WITT, ELSIE HICKMAN, MRS. MANSBRIDGE AND EDWARD WITT, *Plaintiffs in Error*, v. MARY BURFORD BY HER HUSBAND, H. T. BURFORD, *Defendant in Error*.

Opinion filed August 11, 1922.

1. While at common law the father has the paramount, legal right to the custody and control of his legitimate children, the cardinal rule by which the courts are governed in awarding custody in such cases is the welfare of the child and not the technical, legal right.

2. An order in habeas corpus proceedings is not erroneous which awards the custody of infant children of tender age to a maternal grandmother who has had their custody and has nurtured and cared for them since the death of their own mother, and who is willing to continue to do so, and who, together with her husband, the grandfather, is financially able to give them a home, and such grandparents are fit persons to have the care and custody of such infants, who express a preference to remain with them, as against the father who supports and maintains them in part only, who has no home of his own to which he proposes to take them, but wishes to transfer the custody of such infants to a sister of his who resides in a distant country and who is practically a stranger to the infants.

A Writ of Error to the Circuit Court for Palm Beach County, E. C. Davis, Judge.

Affirmed.

*S. C. Kearley,* for Plaintiffs in Error;

*A. R. Roebuck* and *W. C. Roebuck,* for Defendant in Error.

WEST, J.—By habeas corpus proceedings instituted by defendant in error to recover the custody of certain infants, upon a hearing the following findings and order were made:

"It appears from the evidence that the said Hazel Mary Witt and Edna May Witt are children of tender years, being of the ages of six and four years respectively, and are the granddaughters of the petitioner, Mary Burford, and that they were placed in the custody of the said Mary Burford about the month of May, A. D. 1919, by their father, the said Percival A. Witt, at the time of the death of their mother, Ethel Maude Witt, and that they have since that time up to the 4th day of February, A. D. 1922, remained in the custody of Mary Burford, their maternal grandmother and that she had administered to and cared for them in every way that a mother could have cared for them, and that they have consequently known no other home than that of their said grandmother and have known no other mother; that the said Mary Burford and her husband have contributed the most of the support to said children since the death of their said mother; that notwithstanding the said Percival A. Witt has lived with the said Mary Burford, her husband and the said children, practically all of the time since the death of said Ethel Maude Witt, until during January, 1922, the said Percival A. Witt has only contributed a very small sum during that time to the support and maintenance of himself and

the said children, only giving and allowing the said Mary Burford $10.00 per week the most of the time, $12.00 per week part of the time and as much as $15.00 per week a few times; and he has purchased only a few articles of clothing for said children; that the said children have been completely controlled and cared for by the said Mary Burford during all the time their said father lived with them and their said grandmother; that it is the desire of said children to remain with their said grandmother and not to go with or be taken away by their father; that said children are happy, satisfied and well with said Mary Burford; that the said Mary Burford is the wife of H. T. Burford and that the said Mary Burford and H. T. Burford are financially able and willing to take and care for the said children; that the said Percival A. Witt, the father of said children, is a single man and has no permanent home at this time, but proposes to give the said children into the custody of his sister, Mrs. Elsie Hickman, who resides at Toronto, Canada; that the said Elsie Hickman has a child of her own and is practically a stranger to Hazel Mary Witt and Edna May Witt; that the moral fitness of the grandmother and the father are both good and either would be fit persons to have the care and custody of the little girls, but the Court after hearing the testimony of Dr. A. H. King feels that it would be unwise to take the children from a condition which is good and happy to one of uncertainty; with the grandmother they will have a mother's love and training."

"I do therefore order that the said Hazel Mary Witt and the said Edna May Witt, be forthwith discharged from the custody and control of the said Percival A. Witt and that they be, and they are hereby placed in custody and under the control of the said Mary Burford until the further order of this court.

"It is further ordered by the Court that the said Percival A. Witt, be and he is hereby permitted to visit and see the said Hazel Mary Witt and Edna May Witt at all reasonable times."

Writ of error was allowed and taken from this court.

While at common law the father has the paramount, legal right to the custody and control of his legitimate minor children, the cardinal rule by which courts are governed in awarding custody in such cases is the welfare of the child and not the technical, legal right. Miller v. Miller, 38 Fla. 227, 20 South. Rep. 989; Robertson v. Bass, 52 Fla. 420, 42 South. Rep. 243.

The order appealed from awarded custody of the children to the petitioner until the further order of the court. It appears from the evidence and finding of the trial court that the children are of the ages of six and four years; that their mother is dead and that the petitioner is their maternal grandmother; that she has had their custody and control and has nurtured them since the death of their mother in May, 1919; that she and her husband have contributed to their support, are able and willing to continue to do so and furnish them a home, and are fit persons to have their care and custody; that the father has supported the said children in part only, now has no home of his own in which to place and care for said children, but proposes to give them into the custody of his sister, who resides at Toronto, Canada.

It is not a case where the father asserts the right to the custody of his infant children himself, but rather it is an assertion of a right to control their custody and transfer it from one to another. There is nothing in the record to indicate that the welfare of the children would be best

subserved by this transfer of custody. The trial court found the opposite to be true. If later developments indicate that the interests of the children would be promoted by a change of custody, the trial court has ample power to direct it.

No error is made to appear by the record.

The order appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.