ALLEN, Judge.
This is an appeal from a final judgment in a habeas corpus proceeding involving custody of a minor. Edith Eaton Lowe petitioned for a writ of habeas corpus to obtain custody of Frances Paquin, petitioner’s minor granddaughter, from Leland F. Mattison, the child’s stepfather, and Caroline L. Mattison, the child’s mother. After hearing extensive testimony, the trial judge gave custody to petitioner. Respondents appeal.
The trial court gave a rather detailed eight and a half page outline of the evidence in the final judgment and then made the following findings:
“1. The petitioner and respondents have ample funds to rear and educate the minor child, Frances.
“2. The efforts of the respondents to regain custody of the minor were insubstantial.
“3. Mrs. Mattison is unfit to have custody of the minor by reason of addiction to an intemperate use of alcohol, and failure to show a proper interest in the minor’s welfare.
“4. The moral, intellectual and material welfare of the child will be best subserved by awarding the care, custody and control of the minor to petitioner.”
The evidence in this case was developed primarily from the testimony of petitioner, respondent mother, respondent stepfather, a female private detective who obtained employment in respondent’s household, a photographer who had dealt with respondent mother, doctors who treated respondent mother, and various teachers who had had contact with the involved minor.
One of appellants’ three points on appeal is, essentially, an attack upon the sufficiency of the evidence. After a careful review of the more than 600 pages of *749 testimony and exhibits, we conclude that there is ample substantial, competent evidence to support the trial judge’s findings.
Another point raised by appellants seeks to overcome the effect of the testimony of one of appellee’s witnesses, a female private detective who obtained employment as a nurse in appellants’ home and who later testified as to conditions she observed during her employment. Appellants state such point as follows:
“III. Is the uncorroborated testimony of a private investigator who was admittedly hired to get evidence sufficient to justify a finding of addiction to an intemperate use of alcohol?”
We feel that it is patent, upon reading the above quoted point, that appellants are simply questioning the weight to be given the testimony of the involved witness. This, of course, is for the trier' of fact to determine, not an appellate court. 2 Fla.Jur., Appeals § 347. See also, Marsh v. Marsh, Fla.App.19S8, 105 So.2d 507.
Finally, appellants’ third point, numbered Point I in their brief, questions the sufficiency of appellee’s petition for ha-beas corpus to support her claim of right to custody of the involved minor. As above mentioned, appellee is the maternal grandmother of such minor. Concisely, appellants argue that appellee’s petition failed to make a prima facie showing of her legal right to custody of her minor granddaughter. General law relating to habeas corpus indicates that such a showing is required. 15 Fla.Jur., Habeas Corpus § 89.
We believe that appellants’ contention is anwered by the case of Witt v. Burford, 1922, 84 Fla. 201, 93 So. 186. There a paternal grandmother petitioned for a writ of habeas corpus in order to regain custody of her two minor granddaughters from her son, the minors’ father. The opinion quotes at length from the trial court’s findings under which the contested custody was granted to petitioner. We do not wish to lengthen this opinion by quoting such findings or by quoting the petition in the present case. Suffice it to say that appellee’s petition herein certainly stated as strong a case to support her right to custody of her grandchild as did the findings of the trial judge in Witt v. Burford, supra, and that the Supreme Court, in that case, affirmed the grant of custody to petitioner therein.
Appellants having failed to show reversible error, we affirm the trial court herein.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.