135 So.2d 891 (1961)
Marvel R. NEAL, also known as Marvel N. Hoffman, Appellant,
v.
STATE of Florida ex rel. J.A. NEAL and Zenia Neal, his wife, Appellees.
No. C-314.
District Court of Appeal of Florida. First District.
December 21, 1961.
*892 Thomas J. Carroll, Jacksonville, for appellant.
P. Donald DeHoff, Jacksonville, for appellees.
WIGGINTON, Judge.
This appeal is from a final judgment entered in a habeas corpus proceeding instituted by appellee grandparents, by which custody of the minor child born of appellant mother was taken from her and awarded to the grandparents.
Appellant, who was respondent in the habeas corpus proceedings, is the natural mother of the child in question. She and the child's father were divorced by final decree entered in the Chancery Court of Mississippi on July 12, 1955. By such final decree the custody of the child was awarded to the mother. She subsequently consented for the child to visit his grandparents in Mississippi who thereafter refused to return the child to the mother when demanded. The mother thereupon instituted a habeas corpus proceeding in the State of Mississippi for the purpose of regaining possession of the child. Upon the first hearing in that cause a decree was entered finding in favor of the mother, and ordered that the person of the child be delivered to her. Upon the entry of this decree the mother and the child immediately departed from the State of Mississippi and ultimately established residence in Duval County, Florida. *893 The habeas corpus decree originally entered in the Mississippi suit was appealed to the Supreme Court of that state. The decree was reversed and the cause remanded for further proceedings. The mother had apparently severed connections with her local counsel and for this reason was not informed that the decree in her favor had been reversed and further proceedings were required. The case subsequently proceeded to final decree on the merits resulting in a decree in favor of the grandparents, and awarding to them custody of the child. Armed with this decree the grandparents proceeded to Duval County in this state where they instituted the habeas corpus proceedings now under consideration.
In response to the petition for writ of habeas corpus brought by the grandparents, the mother filed her answer alleging in substance the foregoing facts. By her answer she put in issue the validity of the final decree in habeas corpus entered by the trial court in Mississippi, and contended that she was entitled to retain custody of her child under the previously rendered final decree of divorce which had not been modified or set aside. Her attack upon the validity of the Mississippi habeas corpus decree is two-fold. She first alleges that it is void for the reason that the answer of the grandparents to her petition for habeas corpus contained no prayer for affirmative relief, and therefore the court was without jurisdiction to grant such relief by awarding custody of the child to the grandparents. She further alleges that the judgment is void for the reason that she had no notice of reversal of the original decree by the Supreme Court of Mississippi, was not personally notified of any subsequent proceeding and therefore did not appear nor offer further evidence in support of her petition or in opposition to the grandparents' claim of entitlement to custody of the child.
At final hearing the trial court of Duval County struck that paragraph of the mother's answer in which she alleges a lack of knowledge that the original habeas corpus decree in her favor rendered by the trial court of Mississippi had been reversed and remanded for further proceedings, and that she had no personal knowledge of the further proceedings had in that cause which resulted in the decree awarding custody of her child to the grandparents. Before proceeding with the taking of testimony the trial court ruled that evidence in the case would be limited to facts occurring since May 24, 1960, the date of the final decree rendered in the Mississippi habeas corpus proceedings, and that upon such evidence the court would base its decision on what would be for the best interest of the child. After the testimony was concluded the trial court announced that it considered itself bound by the final decree in habeas corpus rendered by the trial court of Mississippi after reversal of the cause by the Supreme Court. Having found that it was so bound, the court held that its consideration would be confined to the question of whether the proof showed a sufficient change in circumstances of the child or the parties as would justify the court in taking custody from the grandparents and awarding it to the mother. The court ultimately concluded that the evidence before it failed to show such a change in circumstances as would warrant changing the custody provisions of the Mississippi habeas corpus decree, and therefore granted the writ as prayed and awarded custody of the child to the grandparents.
From a review of the record it is clearly apparent that the trial court considered itself unequivocally bound by the final decree rendered by the trial court of Mississippi in the habeas corpus proceeding by which custody of the child was awarded to the petitioner grandparents. In so doing he placed upon the respondent mother the burden of proving such a change in circumstances of either the child or the parties as would justify taking custody of the child from the grandparents and awarding *894 it to the mother. In this respect the trial court committed error.
It could have been only upon the erroneous theory that the Mississippi decree awarding custody of the child to the grandparents was entitled to recognition and enforcement under the full faith and credit clause of the United States Constitution that the trial court ruled it was bound thereby. In Vermeulen[1] this court held that judgments and decrees affecting the custody of minors, not being final, occupy a different status from those affecting divorces and property rights, and may be modified as circumstances warrant without doing violence to the full faith and credit clause of the Constitution. In Rhoades[2] it was recognized that orders, judgments or decrees affecting custody of minors are subject to modification at any time as the welfare of the child might require. We held that for this reason decrees affecting the custody of minors are not entitled to recognition under the full faith and credit clause of the United States Constitution. It was ultimately held that although such decrees were not entitled to enforcement under the full faith and credit clause, the trial courts of this state are authorized in their discretion to recognize such judgments or decrees under the rule of comity. Our decision in Rhoades was affirmed in all respects by the Supreme Court in its denial of certiorari.[3]
The foregoing holdings by this court in both Vermeulen and Rhoades were in conformity with the prior decisions of the Florida Supreme Court on the same subject.
In State v. Rasco the Supreme Court considered a petition for writ of habeas corpus to secure the custody of a minor child. The petitioner father sought custody of his child whose custody had been awarded to the mother under a decree of the Circuit Court of Duval County. The father, a resident of New Jersey, questioned the jurisdiction of the Circuit Court in Florida to award custody of his child to the mother. The Supreme Court denied the petition. After citing numerous cases involving proceedings seeking custody of minors which were in support of its ruling, the Supreme Court said: "These cases also establish the rule that the doctrine of comity plays no part in the adjudication of such cases. Neither are decrees in such cases protected by the full faith and credit provision of the Federal Constitution, U.S.C.A., art. 4, § 1. This on the theory that the welfare of the child is the question of primary consideration, and this can best be determined by the Court who has jurisdiction of it, and in whose jurisdiction it resides."[4]
And in Eddy v. Staufer the Supreme Court, speaking through Mr. Justice Hobson, said: "Counsel for petitioner cite respectable authority to sustain their contention that full faith and credit should be accorded the decrees of sister States in cases involving the question of custody of minors, not necessarily as an incident to the so-called full faith and credit clause of the Federal Constitution but certainly upon the basis of comity. The decided authorities are in conflict on this question. Some of this Court's decisions appear, upon a cursory examination, to lack consistency but, upon detailed examination, do not appear to be subject to such criticism. However, there is approximate unanimity of opinion to the effect that the Courts of a State where a child may be residing, even temporarily, have jurisdiction to make such orders concerning the child's custody as his welfare may from time to time require. This is almost uniformly the rule *895 if the court of original jurisdiction may modify its custody decree."[5]
In Little v. Franklin the Supreme Court, speaking through Mr. Justice Terrell, said: "We are not unmindful of the rule that judgments and decrees of the Courts of sister States be given full faith and credit in the State of the forum, but this rule like others may have its exceptions. We hold that judgments and decrees affecting the custody of children, not being final, occupy a different status from those affecting divorces and property rights and may be modified as circumstances warrant without doing violence to the full faith and credit requirement of the Federal Constitution. People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133; * * *."[6]
In Dahlke v. Dahlke the mother of minor children filed a petition in an adjudicated divorce proceeding seeking custody of her minor children which had been awarded by the court to the paternal grandparents. The grandparents and the children resided in Ohio at the time the petition was filed and service of process attempted. The trial court dismissed the petition for the reason that service of process was insufficient and the court did not have jurisdiction over the grandparents who were named as parties to the cause. In affirming the chancellor the Supreme Court, speaking through Mr. Justice Barns, said: `Furthermore, the Full Faith and Credit Clause of the Constitution of the United States, Art. IV, § 1, would not make a decree favorable to the appellant-petitioner binding on the appellees or the courts of Ohio in event of proceedings brought to enforce it there."[7]
Reverting to our opinion in Rhoades it was held that although decrees affecting the custody of minors were not entitled to enforcement under the full faith and credit clause, the trial courts of this state are authorized in their discretion to recognize such judgments or decrees under the rule of comity. Judicial "comity" refers to principle under which courts of one jurisdiction give effect to law and judicial decisions of another out of deference and respect, not obligation.[8] Judicial comity is not a rule of law, but one of practical convenience and expediency based on theory that a court that first asserts jurisdiction will not be interfered with in continuance of its assertion by a court of a foreign jurisdiction unless it is desirable that one give way to the other.[9] The public policy of this state, as reflected by the decisions of our Supreme Court, impels the view that in custody proceedings a decree of a foreign jurisdiction involving that issue shall give way to a decree based upon the best interest of the minors involved.
Whether recognition of the Mississippi habeas corpus decree should be accorded under the doctrine of comity will depend at least in some measure upon the manner in which the case was litigated which resulted in the judgment or decree of custody. If the chancellor finds that in the case out of which the questioned judgment or decree arose both parties were before the court and were accorded ample opportunity to fully develop and present their evidence on the custody issue, such factor is one which the court may well consider in determining whether recognition of the judgment or decree should be granted.
In the case we now review we are of the view that the mother, having initially instituted the habeas corpus proceeding in the State of Mississippi, was *896 legally bound in that jurisdiction by the final judgment ultimately rendered therein after reversal and remand of the cause by the Supreme Court of that state. The evidence is equally clear, however, that because of her voluntary act in departing from the state, the mother received no actual notice that the initial judgment rendered in her favor had been reversed or that further proceedings in the cause would be had. It is equally clear that the mother did not appear before the trial court upon the remand of the cause, nor was she represented by counsel or offered any additional evidence in support of the allegations of her petition. That case apparently proceeded in an ex parte fashion which resulted in the final judgment favoring the grandparents. These are factors which the trial court of Duval County was entitled to consider in reaching a conclusion as to whether the final decree rendered in Mississippi is entitled to recognition and enforcement under the doctrine of comity. The order striking that portion of appellant's answer alleging the foregoing facts was therefore erroneous.
If, because of all the circumstances surrounding this case, the trial court should conclude that the Mississippi decree is not entitled to recognition under the doctrine of comity, we are faced with the situation wherein the respondent mother was originally awarded custody of her child under the final decree of divorce, which decree has not been modified or set aside. Under these circumstances the burden in this habeas corpus proceeding would then rest upon the petitioner grandparents to show by a preponderance of the evidence that the circumstances of the child or the mother have so materially changed since the entry of the custody provision contained in the divorce decree as to warrant withdrawing custody of the child from the mother and awarding it to the grandparents. Stated differently, under the latter circumstances the burden would rest on the grandparents to show entitlement to the child's custody, rather than this burden resting on the mother to show her entitlement to custody as held by the trial court.
Appellant mother has also assigned as error failure of the trial court to dismiss the petition or quash the writ on the ground the habeas corpus decree rendered by the trial court of Mississippi is void for the reasons assigned. We are unable to determine from the state of the record before us whether the grandparents' answer filed in response to the mother's petition for writ of habeas corpus in the Mississippi action contained a prayer for affirmative relief and custody of the child. Assuming it did not, we are of the view that such omission would not render the decree void. Habeas corpus has been traditionally employed in this state as a vehicle for the purpose of determining custody as between one parent and a third party, as well as by a third party against a natural parent.[10] In such proceedings the welfare of the child is one of the controlling considerations, and the court in the exercise of its discretion may award custody to such of the parties as the best interest of the child may require, taking into account at all times the right of the natural parent in the premises.
We have carefully considered the remaining assignments of error, but find them to be without substantial merit. The judgment appealed is accordingly reversed and the cause remanded for further consideration and proceedings consistent with the views expressed herein.
Reversed.
CARROLL, DONALD K., C.J., concurs.
STURGIS, J., dissents.
*897 STURGIS, Judge (dissenting).
I do not interpret In Re Vermeulen's Petition, Fla.App. 1959, 114 So.2d 192, or Rhoades v. Bohn, Fla.App. 1959, 114 So.2d 493, as having the broad effect upon this appeal as promulgated by the conclusion of the majority.
It has long been elemental in this and other enlightened jurisdictions, as the majority extensively reiterates by citation of authority, that foreign judgments and decrees affecting the custody and welfare of minors may be modified as circumstances warrant without doing violence to rules of comity governing the relation between the states or to the full faith and credit clause of the Federal Constitution; and the same power exists, of course, over similar decrees and judgments of the Florida courts. The rule governing the force and effect to be given to foreign judgments or decrees does not operate, however, in the absence of overriding issues of jurisdiction or conflicting public policy, which do not remotely appear to exist in this case, to enable our courts to disregard rules of comity and arbitrarily grant or withhold recognition, as distinguished from concepts of a binding character so far as enforcement is concerned, of a foreign judgment or decree of the nature in suit. There is no basis in law or reason why, in the absence of such issues, there should be any procedural distinction between a Florida judgment or decree and that of a sister state in this field of law, and no such issue is developed by the pleadings or proofs in this cause.
When the trial court held that it was bound by the ultimate decree of the Mississippi court in the habeas corpus proceeding instituted therein by appellant, it applied sound principles of comity and law. Indeed, that determination is not in conflict with the holding of the majority that the mother (appellant) is bound in Mississippi by the final judgment rendered by the Mississippi trial court in the habeas corpus proceeding prosecuted by her in that state; a conclusion sui generis which we might have some difficulty in imposing on our sister state, especially if rules of comity have no greater respect there than our courts would pay to its judicial pronouncements under the theory advanced by the majority, which would appear to permit comity to be turned on and off like water from a faucet, and let recognition of foreign judgments and decrees be governed by abstract considerations of expediency or courtesy, according to the whim or fancy of the Florida court. It is my concept that considerations of expediency and courtesy, in their application to rules of comity, have attributes of a more substantial character, by which under certain circumstances the foreign judgment or decree should as a matter of law be invested with positive effect on the proceeding in the local forum. It is apparently on that premise that the learned trial judge in this proceeding in habeas corpus limited appellant's proofs to matters subsequent to the Mississippi decree in the habeas corpus proceeding there and placed on appellant the burden of establishing a change in circumstance that would justify modifying the custody provision of the Mississippi decree. At this juncture attention is invited to the fact, hereafter elaborated, that upon the filing in the lower court of an authenticated copy of the Mississippi decree, the burden rested on appellant to establish its invalidity for lack of jurisdiction or otherwise, and that this was not done or attempted.
As I understand the position of the majority, the trial court was compelled to accept as sufficient in point of law the matter that it struck from appellant's return to the writ of habeas corpus herein, and thereupon should have received testimony on the part of appellant with regard to the facts and circumstances surrounding the entry of the Mississippi decree in habeas corpus as a basis from which to determine whether it (the Florida trial court) would or would not, in settling the pending issue of custody of the minor, treat the Mississippi decree as binding on the Florida court; that if the Florida court in so proceeding *898 should decide not to recognize the Mississippi habeas corpus decree, it would thereupon be obliged to recognize the prior Mississippi decree whereby, incident to appellant's divorce from her former husband, the custody of their child was vested in her, and consequently the burden of proof would have rested upon appellees, in whom custody was vested by the later Mississippi decree in habeas corpus, to establish such a change in circumstance as to warrant the Florida court in entering an order at variance with the Mississippi divorce and custody decree; and, inferentially, that had the Florida trial court so proceeding decided to "recognize" the Mississippi habeas corpus decree, then it should ignore the former Mississippi decree, and the burden would then have rested on appellant (as was the case on the former hearing herein), to establish the change in circumstance. Rules of comity should not be construed to produce that inconsistent and incongruous result, for I entertain the view that the Florida court should accord to the decree of the Mississippi court in the habeas corpus proceeding equal dignity, "respect" and "courtesy" with the prior Mississippi decree touching upon the child's custody, and that the habeas corpus decree, being last in point of time, should govern the status of the parties as of the time of the commencement of the Florida proceeding in habeas corpus.
In the nebulous field of law relating to comity between the states and application of the full faith and credit clause of the Federal Constitution, the bench and bar traditionally engage in extensive if not always profound mental gymnastics, and in the process all too often lose sight of the distinction between recognition of a foreign decree, which should always be accorded when the instrument is properly authenticated, and the enforcement thereof, which rests upon considerations of comity or application of the full faith and credit clause of the Federal Constitution. In cases of the nature on review the primary concern of our courts with the provisions of the foreign judgment or decree may well be that of finding a guide to the procedural and evidentiary rule to be followed in determining whether it will enter a judgment or decree at variance therewith  more specifically, upon which party to place the burden of establishing a change in circumstance.
The majority holds that appellant's answer to the writ herein is sufficient to challenge the jurisdiction of the Mississippi court to render the very type of relief which she as complaining party invoked; a type of relief which the courts of this state admittedly have power to grant in habeas corpus proceedings involving the custody of minors. That "challenge", if appellant's answer to the writ of habeas corpus may be construed to present one, is based on the ground that she had no actual notice of the action taken by the Supreme Court of Mississippi on an appeal in the habeas corpus proceeding instituted by her in that forum to obtain custody of the child here involved (see Neal v. Neal, 1960, 238 Miss. 572, 119 So.2d 273), or of the proceedings in the Mississippi trial court consequent upon that appeal which culminated in the decree awarding custody to appellees.
The record in the case now on review reveals that appellees fully complied with Rule 1.9(e), Florida Rules of Civil Procedure, 30 F.S.A., by incorporating in their Florida petition for writ of habeas corpus an exemplified copy of the Mississippi final decree rendered there in the former habeas corpus proceeding. Under that rule it was unnecessary for appellees to set forth matter showing jurisdiction of the Mississippi court to render that decree. The appellant, by prosecuting the habeas corpus proceeding in the Mississippi court, invited the exercise of its jurisdiction upon the subject of the custody of the child and is thereby precluded from disputing the authority which she engaged to settle her rights. Pacific Mills v. Hillman Garment, Fla. 1956, 87 So.2d 599.
Appellant's so-called "challenge" of the Mississippi habeas corpus decree rests *899 entirely on the premise that her answer to the writ herein states that she "denies having been served with notice of hearing on the merits * * * and denies that she had any knowledge of the testimony and charges presented * * * pursuant to the mandate of the Supreme Court of the State of Mississippi (Neal v. Neal, 238 Miss. 572, 119 So.2d 273)." But such traverse is not responsive to any actual allegation or necessary intendment of the writ. The denials, therefore, cast no burden of proof on appellees in the premises. Moreover, these bare and unresponsive "denials" are on elemental grounds totally insufficient as a matter of law to constitute an adequate defense to the writ.
A duly authenticated foreign decree is clothed with a presumption of validity and one who assails it must adequately plead and establish the particulars overcoming the presumption. The Mississippi habeas corpus decree is no different from any other in that respect. I suggest it is clear that not only did appellant fail to adequately plead any such defense, but that she failed also to proffer any competent material evidence that would support such a defense. From this I judge that the trial court correctly struck from appellant's answer the incompetent traverse in reference to the Mississippi habeas corpus decree, and correctly held it to be binding upon the appellant as of the time it was entered, thus casting upon her the proper burden of establishing a subsequent change in circumstance warranting a change in the custodial rights fixed by that decree.
It is readily seen that if the rule of the majority is to prevail, an unworthy parent may keep in suspense the question of the right of custody and welfare of a child by litigating the subject from state to state ad infinitum, ad nauseam, and a more effective means for subverting the power and duty of the courts to serve the best interest of the child could hardly be devised.
The decision of this court in the Vermeulen case, supra, turned on the proposition that the chancellor misconceived the principles of law applicable to the facts and abused his discretion in awarding custody of the child there involved to the appellees in that case, which is evidently not the basis on which the conclusion of the majority rests in disposing of this appeal. In that case we held, by way of dictum with which I remain in accord, that although a fully adjudicated foreign decree involving the custody of a minor does not require enforcement in Florida, it is entitled to great weight and respect under the doctrine of comity; and, by way of clear inference, that absent a showing "by clear and convincing evidence" [114 So.2d 195] that new conditions have arisen since rendition of the foreign decree justifying a change in custody of the child, or that old facts have come to light which had they been known to the chancellor would have impelled a different conclusion, its provisions should not be modified by the Florida courts; further, that the facts and circumstances of such changed conditions must relate to the one to whom custody of the child was awarded by the foreign decree.
In Rhoades v. Bohn, supra [114 So.2d 493] this court, speaking through Wigginton, J., held that the latest decree of a foreign jurisdiction touching upon the custody of a minor is subject to modification at any time as the minor's welfare may require, and that for that reason foreign decrees "affecting the custody of minors are not entitled to recognition under the full faith and credit clause" of the Federal Constitution. While that observation, so far as entitlement is concerned, applies with equal if not greater force to rules of comity, and while I deferentially suggest  with hindsight, of course  that it would have been more appropriate to use the word "enforcement" rather than "recognition" in that context, Judge Wigginton went on quite properly to observe:
"Although not required to lend aid of the court to enforcement of * * *900 [such foreign] decree under the full faith and credit doctrine, the trial judge is authorized in his discretion to consider granting the relief sought under the rule of comity. In this event, due process would require that defendant be afforded the opportunity of presenting evidence on the custody issue. Upon consideration of the record as a whole the trial judge will then be authorized to enter a proper custody order, taking into account the minor's best interest, as well as the parental rights of the parties." (Emphasis supplied.)
I perceive nothing in that decision incompatible to the rule I would invoke in the case on review.
In People of the State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, cited by the majority, the United States Supreme Court held that a decree of the Florida court granting divorce to the wife and awarding her permanent care, custody and control of a child of the marriage was not irrevocable and unchangeable in its custody provisions, either in Florida or elsewhere, except as to the facts before the court at the time of judgment, citing Minick v. Minick, 111 Fla. 469, 490, 491, 149 So. 483, 492. On that predicate it sustained a decree of the New York court in a habeas corpus proceeding brought by the mother against the father, whereby the custodial provisions of the Florida decree were modified. It was developed that service of process on the husband in the Florida suit was had by publication, that he made no appearance in the action, and that the evidence there adduced on the welfare of the child was ex parte in character; further, that on the day prior to entry of the Florida decree the father-husband, without the knowledge or approval of his wife, removed the child from Florida to New York, in which state the husband resided. It was conceded that under the rule of Meadows v. Meadows, 78 Fla. 576, 83 So. 392, the Florida court would have been empowered to modify its decree in the interest of the child and to grant the father the right of visitation if he had applied to the Florida rather than the New York court for modification and had for the first time presented his version of the controversy before the Florida court. On that premise it was held, so far as the full faith and credit clause is concerned, that what Florida could do in modifying the custody provisions of the decree, New York might also do. In finality, however, the majority in the United States Supreme Court affirmed the decree of the New York court on the narrow ground that there was a failure of proof that the Florida decree had received any less credit in New York than it had in Florida. Mr. Justice Jackson concurred in the result on the ground that the record did not show jurisdiction in the Florida court to render the decree touching upon the custody of the child. It can only be surmised that he had in mind the general rule that the legal residence of a child is that of his father and, perhaps, the absence of the child from this state on the date the decree was entered. Mr. Justice Frankfurter in a concurring opinion said that in determining whether the New York judgment should stand or fall, account must be taken of two competing considerations: first, the presumptive jurisdiction of the court of a sister state to render the judgment for which full faith and credit is asked; the other, the power of a state court which has actual control of the child to make provision for its welfare; that one must yield to the other. He concluded by saying that since the jurisdiction of the Florida court in making the custodial decree was doubtful, the New York court was justified in exercising its power in the interest of the child. Here, too, it can only be surmised that he had in mind the above suggested considerations which might well have been involved in Justice Jackson's conclusions. Mr. Justice Frankfurter's opinion does, however, *901 succinctly state the principle to which I would adhere [330 U.S. 610, 67 S.Ct. 907]:
"If there were no question as to the power of Florida to provide for the custody of this child in the manner in which the Florida decree of divorce did, I think New York would have to respect what Florida decreed, unless changed conditions affecting the welfare of the child called for a change in custodial care. New York could respond to such changed circumstances. The child's welfare must be the controlling consideration whenever a court which can actually lay hold of a child is appealed to on behalf of the child. Short of that, a valid custodial decree by Florida could not be set aside simply because a New York court, on independent consideration, has its own view of what custody would be appropriate." (Emphasis supplied.)
Mr. Justice Rutledge, in another concurring opinion, simply held that since under Florida law res judicata has no application to an award of custody, the decree is lacking in any quality of finality which would prevent the court rendering it, or another acquiring jurisdiction of the child's status, from altering it.
For the reasons stated, it is my view that under the pleadings and proofs herein the trial court correctly held that the ultimate decree in the Mississippi habeas corpus proceeding had the lawful effect, as of the date thereof, of establishing in appellees the right to custody of the child in suit; that the trial court correctly held that it was incumbent on appellant to establish a subsequent change in circumstance warranting the entry of a Florida decree at variance with the provisions of the Mississippi decree; and that the proofs in that behalf are such that the conclusion reached by the trial court should not be disturbed by this tribunal.
The doctrine of comity between the states contemplates much more than a shallow jug from which to pour according to "expediency" or "courtesy". Where the question is one involving the enforcement by a state court of a foreign judgment or decree strictly according to its terms, a court should not refuse to apply the law of a foreign state unless it is contrary to pure morals or abstract justice or unless the enforcement would be of evil example and harmful to its own people. Recognizing that in cases of the nature on review the enforcement of the foreign decree rests in the discretion of the local forum, it does not follow that such discretion can be arbitrarily exercised or that in settling the issues the local forum may completely disregard the foreign decree. Failure to recognize the Mississippi decree in habeas corpus for the limited purpose of fixing the custodial rights as of the time of its entry, absent a bare  much less, competent  assault upon its validity, coupled with a direction that the doors of testimony be thrown wide open so as to reach behind that decree, wipes out every vestige of comity and places on the trial court the burden of retrying the issue of custody to the same extent as if the Mississippi court had never acted thereon. I suggest it would be "expedient" and "courteous" to advise a litigant caught up in the expense of such a procedure to count his shekels.
In the absence of a competent assault by way of pleadings and proofs upon the validity of a foreign judgment or decree granting custody of minors, or a showing that it is contrary to the established public policy of this state, I would hold that comity requires the Florida court to recognize the foreign judgment or decree as controlling the status of the parties as of the date of its entry and would limit an application for change of custody as established thereby to matters transpiring subsequent to such decree. It being my opinion that the trial court acted in accordance with this concept, I respectfully dissent.
NOTES
[1] In re Vermeulen's Petition (Fla.App. 1959), 114 So.2d 192.
[2] Rhoades v. Bohn (Fla.App. 1959), 114 So.2d 493.
[3] Bohn v. Rhoades (Fla. 1960), 121 So.2d 777.
[4] State ex rel. Rasco v. Rasco, 139 Fla. 349, 190 So. 510.
[5] Eddy v. Staufer, (1948), 160 Fla. 944, 37 So.2d 417.
[6] Little v. Franklin (Fla. 1949), 40 So.2d 768.
[7] Dahlke v. Dahlke (Fla. 1957), 97 So.2d 16, 17.
[8] Kellogg-Citizens Nat. Bank of Green Bay, Wis. v. Felton, 145 Fla. 68, 199 So. 50.
[9] Moody v. Branson, 192 Okla. 327, 136 P.2d 925.
[10] 15 Fla.Jur., Habeas Corpus, § 61, pp. 445-446; Mattison et ux. v. State ex rel. Lowe, Fla.App. 1958, 107 So.2d 747; Witt v. Burford, 84 Fla. 201, 93 So. 186; Lee v. Lee, 67 Fla. 396, 65 So. 585.