138 So.2d 775 (1962)
Fred Dee AVERY, Appellant,
v.
Rena M. HEERMANCE, Appellee.
No. 61-857.
District Court of Appeal of Florida. Third District.
March 19, 1962.
Rehearing Denied April 5, 1962.
Kelly, Brooks & Ropes, Coral Gables, for appellant.
Miles & Nelson, Hialeah, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
*776 HORTON, Judge.
Appellant-husband seeks review of an order of the juvenile court which, inter alia, provides:
"* * * the Court finds that the Mother has not proven that the Father's home is unfit, but it appearing that the Mother's home is also fit and proper for these children, and it appearing to be for the best interest and welfare of the said children at this time * * *
"It is thereupon ORDERED, ADJUDGED AND DECREED that custody * * * is granted to the Mother, Rena M. Heermance, until further Order of this Court."
On March 15, 1954, a final decree of divorce between the parties was entered by the Superior Court, Albany Circuit, Dougherty County, Georgia. This decree awarded custody of the parties' minor children to the appellant. Shortly thereafter, the parties moved to Florida and established residence in Dade County. Appellee-wife married David Heermance. From July, 1955, until 1959, appellant and the children made their home almost constantly with the Heermances. In 1959, appellant remarried and moved to Homestead, Florida. Appellee continued to see the children frequently and on occasion, they stayed at her home. On October 5, 1961, appellee filed a petition for custody of the children in the juvenile court of Dade County. Hearing was held on the matter on December 1, 1961. Based upon the evidence adduced at this hearing, including the report of the welfare board examiner, the juvenile court judge entered the order appealed. Upon request and pursuant to the terms of § 39.14(3), Fla. Stat., F.S.A., the juvenile court judge forwarded to this court, as a supplement to the record, a narrative statement of the evidence indicating the chief factors influencing his decision and the report of the welfare board examiner.
At the outset, it should be noted that Chapter 27000, Acts of 1951, Laws of Florida, conferred upon the Juvenile and Domestic Relations Court of Dade County concurrent jurisdiction with the circuit court over cases involving child custody regardless of questions of dependency or delinquency. See O'Connell v. O'Connell, Fla.App. 1962, 138 So.2d 83 (opinion dated February 23, 1962); In re Rouse, Fla. 1953, 66 So.2d 42. Appeals from orders entered in the juvenile court are properly brought to this court and are governed by the provisions of § 39.14, Fla. Stat., F.S.A.; Art. V, Section 5(3), Fla. Const., 26 F.S.A. See Zaun v. State, Fla.App. 1961, 135 So.2d 866; In re C.E.S., Fla.App. 1958, 106 So.2d 610; State v. J.K., Fla.App. 1958, 104 So.2d 113.
The appellant contends the juvenile court judge erred in failing to give full faith and credit to the provisions of the Georgia divorce decree granting custody of the children to him. We conclude that this contention is without merit, and concur in the view expressed by the District Court of Appeal, First District, in Rhoades v. Bohn, Fla.App. 1959, 114 So.2d 493, 499, where it was said:
"It is uniformly recognized that orders, judgments or decrees affecting custody of minors, are subject to modification at any time as the welfare of the ward may require. For this reason, it is settled in this jurisdiction that decrees affecting the custody of minors are not entitled to recognition under the full faith and credit clause of the United States * * *."
See also Neal v. State, Fla.App. 1961, 135 So.2d 891; Carrier v. Vermeulen, Fla.App. 1959, 114 So.2d 192; Dahlke v. Dahlke, Fla. 1957, 97 So.2d 16; Little v. Franklin, Fla. 1949, 40 So.2d 768; People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133.
The appellant further contends that the juvenile court judge erred in modifying the terms of the Georgia decree without a showing of a substantial change in conditions. *777 This argument is based primarily on the fact that appellant's home was not found to be unfit. We find this contention also to be without merit.
The scope of review in cases such as this is limited to a determination of the question of whether or not the juvenile court judge misinterpreted the legal effect of the evidence as a whole or whether in some fashion he departed from the essential requirements of the law. Zaun v. State, supra; Noeling v. State, Fla. 1956, 87 So.2d 593. Applying this rule to the evidence revealed by the record, we find that the juvenile court judge had sufficient competent evidence upon which to base a conclusion that conditions had substantially changed and the best interest and welfare of the children dictated a change of custody.
Accordingly, the decree appealed is affirmed.
BARKDULL, J., concurs as to decision only.