151 So.2d 14 (1963)
STATE of Florida ex rel. Norbert FOX, individually, and as Next friend and legal custodian of Deborah Ann Fox and Denise Marie Fox, his two minor children, Appellant,
v.
Florence J. WEBSTER, formerly known as Florence J. Fox, Appellee.
No. 62-445.
District Court of Appeal of Florida. Third District.
March 12, 1963.
Rehearing Denied April 2, 1963.
*15 Edward J. McBride, Coral Gables, Paul A. Louis and Bertha Claire Lee, Miami, for appellant.
Everett H. Dudley, Jr., Miami Springs, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
HORTON, Judge.
The appellant husband was the petitioner in a habeas corpus proceeding in the Circuit Court of Dade County, Florida, in which he sought the custody of two minor children born to the parties during their marriage. This appeal is from an order discharging the writ of habeas corpus and continuing custody of the children in the appellee. We affirm.
This action arose out of the following facts. The appellee obtained a divorce from the appellant in the State of Ohio on May 18, 1960. The final decree incorporated the terms of a property settlement and custody agreement between the parties. By its terms, the appellee, inter alia, was awarded custody of the minor children of the parties on the express condition that she did not change the residence of the children without the approval of the appellant or the court. The appellant was granted reasonable rights of visitation.
*16 On June 1, 1960, the appellee remarried, and on July 20, 1960, she filed a motion with the Ohio court requesting permission to remove the children to California. Hearing on the motion was scheduled for August 5, 1960. On July 28, 1960, the appellant filed a motion for change of custody, alleging that the appellee had never intended to live up to her undertakings in the separation agreement and had always intended to remove the children from the State of Ohio. A copy of this motion was personally served on the appellee.
On the day preceding the hearing on her motion to remove, the appellee moved to California, taking the children with her. The appellant's petition for change of custody and appellee's motion for permission to remove were heard by the Ohio court after an extensive investigation by the Department of Domestic Relations. The appellee did not make an appearance. Based upon the appellee's apparent violation of the separation agreement and the final decree of divorce, the court, on October 8, 1960, entered an order which denied her motion for permission to remove the children from Ohio and ordered her to return them to the State of Ohio on or before October 4, 1960. The order further provided:
"* * * [I]n the event she fails or refuses to return said children * * * the custody of the minor children * * be and is hereby granted to the defendant who is ordered to return the children to the jurisdiction of this court.
"* * * [I]n the event the plaintiff fails or refuses to return the minor children to the jurisdiction of this court * * * the orders heretofore made for the support of said children shall be and are hereby terminated until further order of this court."
Armed with this order, the appellant followed the appellee to California where he brought a habeas corpus proceeding. The California court granted the writ solely on the basis of comity, indicating that it considered the Ohio order dated October 8, 1960 to be valid. No inquiry was made into the fitness of either party to have custody of the children. Following an unsuccessful appeal, the appellee and her husband took the children to San Juan, Puerto Rico. In July 1961, the appellee brought the children to Miami, Florida, where the appellant instituted the habeas corpus proceeding which culminated in the order appealed.
It should be noted at the outset that prior to the proceedings in the case at bar, only the final decree of divorce rendered by the Ohio court on May 18, 1960, purported to adjudicate the issue of the fitness of the parties to have custody of the children and determine where custody should be placed for the best interests and welfare of the children. The Ohio decree of October 8, 1960, was coercive in nature and, though it had the effect of changing custody, it did not purport to do so on the basis of fitness or welfare. The subsequent California decree merely placed the stamp of approval on the Ohio decree of October 8, 1960.
Though he tacitly concedes that the Ohio decree of October 8, 1960, is not ipso facto entitled to full faith and credit, the appellant contends that both it and the California decree recognizing its validity should, in this case, have been accorded full faith and credit, or at least comity. We find this contention to be without merit.
When jurisdiction vests in a custody case, the court has a duty to determine from the evidence where the minor child should be placed for its own best interest. DiGiorgio v. DiGiorgio, 153 Fla. 24, 13 So.2d 596. The court should not refuse to exercise jurisdiction or be deterred in the discharge of this duty by what it might be convinced is the bad faith of one parent in removing the child from a sister state. DiGiorgio v. DiGiorgio, supra; see also Williamson v. Osenton, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758. Further, a foreign decree involving the issue of custody is required to give way to a Florida decree based *17 on the best interests and welfare of the minor involved. This is so because decrees affecting the custody of minor children are not considered final but may be modified from time to time should the circumstances and changed conditions indicate that the best interests and welfare of the minor require a change of custody. Avery v. Heermance, Fla.App. 1962, 138 So.2d 775; Neal v. State, Fla.App. 1961, 135 So.2d 891; Rhoades v. Bohn, Fla.App. 1959, 114 So.2d 493, aff'd Fla.Sup., 121 So.2d 777, 779.
As to the rule of comity, a court is not required to accord comity to a foreign custody decree but may, within its discretion, do so where practical convenience and expediency make it desirable. Neal v. State, supra; Rhoades v. Bohn, supra.
Reverting to the case sub judice, it is true that the appellee apparently acted in bad faith in ignoring the orders of the Ohio and California courts. However, it was the duty of the trial court to base its determination of where the custody of the children should reside on their best interests and welfare and not on the good or bad faith of the parties. Further, the trial court was not required to give full faith and credit to the orders of the Ohio and California courts, nor, we conclude, did it abuse its discretion in refusing to accord them comity.
Appellant further contends that the record does not support the trial court's conclusion that custody of the two minor children should continue with the appellee. We hesitate to sit in judgment of the trial court's view of the facts and since it has not been made to appear that it was guilty of an abuse of discretion in this regard, we must reject this contention.
What is said here is not intended to prejudice any rights of visitation the appellant has under the final decree of divorce or any right he might have in the future to seek a change in custody upon a showing that the best interests and welfare of the minor children require such a change. Nor do we condone the actions of the appellee. However, we must recognize the principle that in a case such as this, the paramount consideration is the best interest and welfare of the minor children.
The decree appealed is hereby affirmed.
PEARSON, TILLMAN, Chief Judge (dissenting).
It is my view that a respect for law is an essential qualification for one seeking custody of a child. Bourn v. Hinsey, 134 Fla. 404, 183 So. 614, 616. I think that this record reveals a studied defiance of the courts of two states.
I would reverse.