CARROLL, Judge.
Tyi Cassidy, who will be referred to as the wife, filed an action at law in the circuit, court of Dade County against Frank J. Cassidy, who will be referred to as the husband, seeking a judgment for unpaid arrears of child support which had been provided' for in an Illinois divorce decree in 1949. Summary judgment was entered in her *180 favor for $9,885. The husband appealed, contending that a modification order of July 3, 1950, which granted him custody, operated to relieve him thereafter from paying child support to the wife; and further that he was denied .the benefit, as a set-off, of a judgment for $7,000 entered in his favor against the wife, in the divorce cause subsequent to the decree. Appellant’s contentions have merit, and we reverse.
In her complaint filed February 20, 1964, the wife alleged that the parties were divorced on November 15, 1949, by a decree of the superior court of Cook County, Illinois ; that the final decree required the husband to pay $15 per week to the wife for support of the minor child of the parties (a daughter then aged 5i/i years); that the husband had failed to make the payments required of him under the decree; that on June 19, 1963, the daughter married; and that the arrears of child support (for the period prior to her marriage) aggregated $9,885. In defense, the husband answered that by a modification of the decree of July 3, 1950, the Illinois court had granted him custody of the child and held the wife in contempt. Tlie husband admitted he had made no payments under the decree since the modification granting him custody; denied any money was due the plaintiff for child support; and made reference to the judgment in his favor which the Illinois court had awarded.
A wife may proceed in a common law action in this state to secure a money judgment for delinquent alimony or child support awarded by a divorce decree entered in another state as to all installments which have accrued and are not subject to subsequent modification. Haas v. Haas, Fla. 1952, 59 So.2d 640, 643. Therefore, in view of the husband’s admission of non-payment, the question to be determined in the trial court was whether the amounts claimed by the wife to be in arrears accrued, and, specifically, whether the modification of the decree by the Illinois court on July 3, 1950, which transferred custody to the husband, operated to relieve him of the decreed obligation to pay child support to the wife thereafter.
On the wife’s motion for summary judgment the circuit court in Dade County had before it the pleadings and evidence of the proceedings in the Illinois court. Among the facts disclosed were the following. In the Illinois divorce decree the wife was awarded custody of the child and the husband was granted visitation rights for two Saturdays per month, from 10:00 A.M. to 6:00 P.M., and one weekend each month from 10:00 A.M. on Saturday to 12:00 noon on Sunday. Two months after the divorce the wife petitioned the Illinois court for leave to take the child out of the jurisdiction for 90 days. On February 1, 1950, the Illinois court granted her petition, but directed her to return the child to Illinois at the end of that period. When the 90 days elapsed, the wife petitioned the court for leave to keep the child out of the jurisdiction another six months, alleging the child was suffering from bronchial asthma and was “at present residing in a warm climate [Florida] where her condition had shown improvement.” In a separate motion she alleged the husband was in arrears in the amount of $185 for child support and sought a rule to show cause against him. On hearing those motions the Illinois court entered an order, dated May 17, 1950, as follows: “It is hereby ordered, adjudged and decreed that the child of the parties hereto be returned to this jurisdiction by the plaintiff and before this court within 31 days from the entry of this order, and further hearing [of] the Rule to Show Cause be continued until June 19, 1950, without further notice and both the child and the parties hereto be before this court on June 19, 1950.” When the matter came on for hearing on June 19, 1950, the wife having failed to return the child as ordered, the court entered a further order continuing the matter to July 3, 1950, and again directed the wife to appear with the child on that day. The husband filed a petition for change of custody, alleging actions of the *181 wife subsequent to the decree for which he charged her with unfitness.
On July 3, 1950, the Illinois court entered the following order:
“This matter coming on to be heard for the return of Patricia Jane Cassidy to this jurisdiction in accordance with the court order of June 19, 1950, and order the mother, Tyi Cassidy to return to said jurisdiction with said child.
“Tyi Cassidy having been adjudged in contempt of this court for failure to abide by said order of court.
“It is therefore ordered, adjudged, and decreed that the custody, control, education of Patricia Jane Cassidy be awarded to the father Fred J. Cassidy having been found a proper father to have said control, education and custody of said Patricia Jane Cassidy.”
Thereafter the husband filed a petition seeking judgment against the wife for damages for her wrongful acts in the premises resulting in expense to him and loss of his visitation rights. After numerous continuances, an order was entered on the husband’s petition on November 12, 1952, granting him a judgment against the wife in the sum of $7,000. On December 13, 1952, after first applying for and obtaining leave of the Illinois court, the wife filed a petition seeking to have the court set aside the custody transfer order of July 3, 1950, and the $7,000 judgment of November 12, 1952, claiming lack of notice of said proceedings. The husband moved to strike the wife’s petition on the ground that she was in violation of the court’s orders and because she had been represented in the proceedings by counsel. Prior to hearing the wife’s petition and the husband’s motion to strike, the Illinois court entered a further order on June 3, 1953, as follows:
“This cause coming on to be heard on the verified petition of Tyi Cassidy, plaintiff herein, heretofore filed herein, praying
“(a) that the order entered herein on July 3, 1950, be vacated and set aside; and
“(b) that the judgment order entered herein on November 12, 1952, be vacated and set aside; and
“(c) for such other and further relief in the premises as the court may deem proper;
and upon defendant’s motion to strike said petition, the court having heard the arguments of counsel for plaintiff and defendant and being fully advised in the premises, and it appearing to the court from the record and files in this cause,
“1. That a decree of divorce was entered herein on November 15, 1949, which decree, among other things, awarded to the plaintiff the custody of Patricia Jane Cassidy, the minor child of the parties; and;
“2. That it is alleged in the plaintiff’s said verified petition that the plaintiff moved the minor child of the parties out of the jurisdiction of this court; and
“3. That on May 17, 1950, an order was entered herein directing the plaintiff to return said minor child to the jurisdiction of this court within thirty one (31) days; and that on June 19, 1950, an order was entered herein directing the plaintiff to return said minor child to the jurisdiction of this court on July 3, 1950; and
“4. That in the answer filed by the plaintiff herein on March 26, 1952, it is admitted by said plaintiff that the plaintiff had not returned said minor child to the jurisdiction of this court.
“It is Therefore, Ordered, Adjudged and Decreed that the plaintiff shall return Patricia Jane Cassidy, the minor child of the parties hereto, to the jurisdiction of this court and shall pro *182 duce said minor child in open court on June 17, 1953.
“It is Further Ordered that the hearing on defendant’s motion to strike said petition of plaintiff to vacate the judgment order entered herein on November 12, 1952, and the order entered herein on July 3, 1950, is hereby continued, without further notice, to June 17, 1953, at 10:00 A.M.”
When the matter came on for hearing as there directed, on June 17, 1953, the husband’s motion to strike was granted and the wife’s petition to vacate the custody change order and the judgment against her was dismissed, by an order reading as follows:
“This cause coming on to be heard on the verified petition of Tyi Cassidy, plaintiff herein, heretofore filed herein, praying that the judgment order entered herein on November 12, 1952, be vacated and set aside and for other relief and upon defendant’s motion to strike and dismiss said petition, and it appearing to the court that said Tyi Cassidy was heretofore ordered to produce the minor child of the parties in open court this day and the clerk of the court having called this cause three times in open court and the said Tyi Cassidy having failed to respond to said call, the court having heard the arguments of counsel for plaintiff and defendant, and being fully advised in the premises,
“It is hereby ordered that defendant’s motion to strike and dismiss the petition of plaintiff to vacate the judgment order entered herein on November 12, 1952, and for other relief is hereby sustained and accordingly said petition of plaintiff is hereby stricken and dismissed.”
With those matters before the circuit court in Dade County on the wife’s motion for summary judgment, it was her contention that the child support payments provided for in the original final decree continued payable notwithstanding the modification of July 3, 1950, awarding custody to the husband, because the modification-order and subsequent orders of the court had not stated otherwise. The husband argued that although the 1950 order granting him custody and the subsequent orders, did not expressly so state, the nature and' effect thereof was such that they operated to relieve him of the obligation imposed by the final decree for payment of child support.
There being no triable issues of fact, the-merit of the wife’s motion for summary-judgment depended on whether she was-entitled to judgment as a matter of law. In-our opinion she was not. While the modification order of July 3, 1950, which terminated the wife’s right to custody did not contain a provision dispensing with future-child support, it is also the fact that the-modification order contained no language which could be relied on as requiring the husband to continue to pay child support to» the wife after custody was awarded to him. If the orders of the Illinois court are considered to be in doubt on this point because they did not expressly deal with the-matter of continued payments of child support, the wife could not be said to be entitled to judgment for child support as a. matter of law, after the Illinois court had terminated her right to custody. It is significant that the Illinois court not only denied her motion to set aside the order-transferring custody to the husband, and held her in contempt for violation of its-orders, but also rejected her effort to collect unpaid child support which accrued', before the July 1950 modification order.
We can observe no sound basis on which: the Florida court could construe those orders to require the husband to continue paying child support to the wife after the court had awarded custody of the child to-him. Therefore, in order to be entitled to recover child support for the period after the change of custody to the husband' in July of 1950, it would be necessary for- *183 the wife to establish that the Illinois court, notwithstanding the modification granting the husband custody, intended to require the husband to continue the child support payments.
The right of the wife to child support under the decree and orders of the Illinois court ended when that court modified the final decree by awarding custody to the husband. The Illinois court had jurisdiction to modify the decree and change the custody notwithstanding the absence of the child from the state, upon notice and an opportunity to be heard being afforded the wife. Bohn v. Rhoades, Fla.1960, 121 So. 2d 777. Here there was no showing that the mother did not have notice of the proceeding for modification. But if, as she later contended in her motion to the court to set aside the 1950 order changing custody, she did not have notice thereof, she was .afforded an opportunity to be heard thereon on her subsequent motion to set it aside. While she did not personally appear at the hearing on her motion, the court’s order recited that her counsel was present and argued the matter, whereupon that court adhered to its prior modification divesting the wife of her right to custody.
In this case the wife can not summon to her aid the doctrine that a custody decree of one state may not be entitled to full faith and credit in another state in which the child may reside with a parent, because the court in the latter state may decree custody as the best interests of the child require.[1] This is so because her claim for child support is not based on an order of the Florida court entered after her removal here, but is founded on the Illinois court’s decree, and, therefore, must be measured by that Illinois decree as modified.
For the reasons stated the summary judgment appealed from is reversed.
Reversed.

. See Minick v. Minick, 111 Fla. 469, 149 So. 483; Avery v. Heermance, Fla.App.1962, 138 So.2d 775; State ex rel. Fox v. Webster, Fla.App.1963, 151 So. 2d 14.